(No. 52109.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. MICHAEL L. BONE, Appellee.

*Opinion filed September 15, 1980.—Rehearing
denied November 26, 1980.*

William J. Scott, Attorney General, of Springfield, and Patrick M. Walsh, State's Attorney, of Decatur (Donald B. Mackay, Melbourne A. Noel, Jr., Dale M. Bennett, and Thomas E. Holum, Assistant Attorneys General, of Chicago, of counsel), for the People.

Daniel D. Yuhas, Deputy Defender, of the Office of State Appellate Defender, of Springfield, for appellee.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Michael Bone, pleaded guilty to the offense of aggravated battery in the circuit court of Macon County and was sentenced to probation for a period of two years. Subsequently, by information, it was charged that on July 20, 1977, he had committed the offense of unlawful delivery of PCP and cocaine (Ill. Rev. Stat. 1975, ch. 56½, par. 1401) and on August 2, 1977, the offense of unlawful calculated criminal drug conspiracy (Ill. Rev. Stat. 1977, ch. 56½, par. 1405). A report that defendant had violated the conditions of his probation by committing the offenses was filed in the circuit court. The People's pleading in the proceeding to revoke defendant's probation, titled "Third Report of Violation of Probation," charged that defendant committed certain violations of the Illinois Controlled Substances Act, and copies of the informations charging the violations were attached to and by reference incorporated in the report. At the probation-revocation hearing the People presented evidence pertaining to the July 20, 1977, occurrence but offered no evidence concerning the alleged offenses on August 2, 1977. Upon conclusion of the hearing the circuit court, finding that the charges had not been proved, denied the People's request for revocation.

Approximately three months later a four-count indictment was returned in the circuit court of Macon County charging defendant with two counts of unlawful delivery of a controlled substance (Ill. Rev. Stat. 1975, ch. 56½, par. 1401), one count of unlawful possession of a controlled substance (Ill. Rev. Stat. 1975, ch. 56½, par. 1402), and one count of unlawful calculated criminal drug conspiracy (Ill. Rev. Stat. 1977, ch. 56½, par. 1405). The offenses charged were allegedly committed on August 2, 1977.

Defendant moved to dismiss the indictment on the

ground that he had previously been placed in jeopardy for the charges alleged "and that the doctrine of collateral estoppel prevents his conviction therefor."

The count charging unlawful calculated criminal drug conspiracy was dismissed prior to trial. In a jury trial defendant was convicted of one count of unlawful possession and one count of unlawful delivery of a controlled substance. Following the conviction, a second notice of violation of probation was filed. Defendant moved to dismiss the report on the ground that in the earlier revocation proceeding he had been placed in jeopardy for the same offense. That motion was denied and the circuit court, taking judicial notice of defendant's conviction for the August 2, 1977, violations, revoked the probation and sentenced him to a two-year term of imprisonment to be served consecutively to concurrent three-year terms imposed for unlawful delivery and possession. The court also ordered that he receive no credit for the time previously served on probation. Defendant appealed, the appellate court reversed both the convictions on the possession and delivery charges, and the order of revocation (70 Ill. App. 3d 972), and we allowed the People's petition for leave to appeal.

One of the justices of the appellate court concluded that "since the State decided to include both the July 20 and August 2 transactions in the initial petition to revoke defendant's probation, jeopardy attached, and the State was prohibited from bringing those allegations in a subsequent criminal prosecution or a subsequent petition to revoke probation." (70 Ill. App. 3d 972, 976.) The second justice, relying on *Ashe v. Swenson* (1970), 397 U.S. 436, 25 L. Ed. 2d 469, 90 S. Ct. 1189, thought the principle of collateral estoppel was applicable and that it served to bar further prosecution.

The People contend that the prosecution of defendant for the offenses committed on August 2, 1977, was not

barred by either double jeopardy or collateral estoppel and that the judgment of the appellate court should be reversed.

In his brief defendant states that he does not contest "well established Illinois law which holds double jeopardy does not exist when properly conducted probation revocation hearings are followed by trials on the same subject matter. See *People v. Howell*, 46 Ill. App. 3d 300, 360 N.E.2d 1212 (5th Dist. 1977); *People v. Vahle*, 60 Ill App. 3d 391, 376 N.E.2d 766 (4th Dist. 1978)." He argues that the probation-revocation hearing here "was not conducted in a legitimate manner but rather in a way that offended the principles of fairness and finality that are the embodiment of the double jeopardy clause." Quoting from the concurring opinion in the appellate court (70 Ill. App. 3d 972, 976-77) he argues that because the People's conduct was unfair and did not follow the procedure "employed in a legitimate probation revocation, jeopardy attached and the subsequent prosecution was barred." He argues, too, that because the same witnesses could testify concerning the identification of defendant in both occurrences, the circuit court's finding constituted a collateral estoppel on that issue. He contends further that because the People included both violations in the petition to revoke probation and offered no testimony with respect to the events of August 2, 1977, *res judicata* applies.

*Res judicata* and collateral estoppel are judicial doctrines designed to protect litigants from the burden of retrying an identical cause of action or issue with the same party or privy, and to enhance judicial economy by prohibiting repetitive litigation. (*Parklane Hosiery Co. v. Shore* (1979), 439 U.S. 322, 326, 58 L. Ed. 2d 552, 559, 99 S. Ct. 645, 649.) There is, however, a difference between the effect of a judgment as a bar to the prosecution of a second action upon the same claim or demand and the effect of a judgment as an estoppel in another suit

between the same parties on a different claim or cause of action. (*Skolnick v. Petella* (1941), 376 Ill. 500, 504.) The former constitutes *res judicata* and operates as an absolute bar to a subsequent action where a prior judgment rests on the merits, "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." (*Cromwell v. County of Sac* (1877), 94 U.S. 351, 352, 24 L. Ed. 195, 197. *Skolnick v. Petella* (1941), 376 Ill. 500, 505.) The latter constitutes collateral estoppel, or estoppel by verdict or judgment (*People ex rel. Chicago & Eastern Illinois R.R. Co. v. Fleming* (1969), 42 Ill. 2d 231, 235; *Hoffman v. Hoffman* (1928), 330 Ill. 413, 417) and concludes only "those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered." *Cromwell v. County of Sac* (1877), 94 U.S. 351, 353, 24 L. Ed. 195, 197; *Skolnick v. Petella* (1941), 376 Ill. 500, 503.

Although the People's pleading alleged both violations as grounds for revocation of defendant's probation, the record shows that the testimony at the first revocation hearing related only to the occurrence on July 20, 1977. The circuit court's finding decided only that there was insufficient evidence to prove the violation charged on that date and made no findings concerning the offense charged on August 2, 1977. No reason is shown for the People's failure to offer evidence as to the offense charged on August 2, and if the doctrine applies the circuit court order should be held to be *res judicata.* Unlike the joinder provision in section 3—3(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 3—3(b)), there is no requirement for compulsory joinder of all grounds for revocation known to the People. We hold that the People were not required to proceed with proof of the August 2, 1977, offenses in the first revocation proceeding, and that

on the record before us there is no judgment of the circuit court which is *res judicata.*

The parties are in agreement that under the holding of *Ashe v. Swenson* (1970), 397 U.S. 436, 25 L. Ed. 2d 469, 90 S. Ct. 1189, and *People v. Grayson* (1974), 58 Ill. 2d 260, the doctrine of collateral estoppel can serve to bar the prosecution. The question to be determined is whether an issue of ultimate fact was decided in the prior revocation proceeding which was determinative of the issues in the criminal prosecution for the offenses committed on August 2, 1977. An examination of the record in each case shows that no such issue of ultimate fact was determined. In the proceeding to revoke defendant's probation no issue of fact was determined relevant to the offenses allegedly committed on August 2, 1977. The failure to prove to the satisfaction of the circuit court that the defendant was sufficiently identified in connection with the transaction which occurred on July 20, 1977, bears no relevance to whether he was involved in the transaction which took place on August 2, 1977. *Ashe* and *Grayson* are clearly distinguishable, and collateral estoppel does not apply.

Since there was no further prosecution on those charges this record presents no questions concerning the violations which allegedly occurred on July 20, 1977. We need not and do not consider the effect of the order denying revocation of defendant's probation on any subsequent proceedings based on those charges.

We note parenthetically that this record demonstrates the wisdom of standard 5.3 of the American Bar Association Standards Relating to Probation (1970), which states:

"A revocation proceeding based solely upon commission of another crime ordinarily should not be initiated prior to the disposition of that charge.***."

For the reasons stated the judgment of the appellate

# 289

court is reversed, and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*