JACK CRANWILL, Plaintiff-Appellant, *v.* JAMES R. DONAHUE *et al.*,
Defendants-Appellees.

Third District   No. 81-22

Opinion filed September 9, 1981.

James P. Kellstedt, of Peoria Heights, for appellant.

John E. Cassidy, Jr., of Cassidy, Cassidy, Mueller & Price, of Peoria, for
appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff Jack Cranwill filed a four-count complaint alleging false
arrest, false imprisonment, invasion of privacy, malicious prosecution,
and abuse of or abusive process on the part of defendants James R.
Donahue and Patrick J. Landrith. Defendants moved to dismiss the complaint and the circuit court of Tazewell County granted their motion,

holding that the statute of limitations had run and that a prior judgment barred the action.

A history of this litigation is necessary for an understanding of the issues presented for review. On October 15, 1976, plaintiff filed a three-count complaint in United States District Court. Counts I and II of that complaint charged defendants with violations of the Civil Rights Act (42 U.S.C. §1981 *et seq.* (1976)). Count III of the complaint was a pendent State claim based on the intentional and quasi-intentional torts alleged above. Defendants moved to dismiss the complaint and the court entered the following docket order:

> "Parties present by/c for hearing on Deft's mo. to dismiss. Arguments of counsel heard. Ordered that said motion is allowed *for lack of jurisdiction.* Case dismissed with prejudice. (Morgan J.)" (Emphasis added.) Cranwill v. Donahue, No. P—Civ—76—111 (S.D. Ill., filed Dec. 17, 1976).

Plaintiff appealed the dismissal to the United States Court of Appeals. Admitting that count II, brought under section 1985(3) of the Act (42 U.S.C. §1985(3) (1976)), alleged no racial or otherwise class-based invidiously discriminatory animus, plaintiff abandoned that claim. The court then addressed the merits of count I, based on section 1983 of the Act (42 U.S.C. §1983 (1976)), stating, *inter alia*:

> "In order to state a cognizable claim under Section 1983, it is necessary that the complaint allege that the defendants either actually intended to deprive the plaintiff of his constitutional rights or recklessly disregarded them. *Kimbrough v. O'Neal,* 545 F.2d 1059 (7th Cir. 1976) *(en banc).*
>
> Plaintiff admitted at oral argument that neither intent nor reckless disregard on the part of the defendants was alleged in the complaint, and he even stated in his brief that 'intent to violate a civil right of the Plaintiff is not required' (Br.7). But under *Kimbrough, supra,* and *Bonner v. Coughlin,* 545 F.2d 565 (7th Cir. 1976) *(en banc),* intent or reckless disregard is required in this Circuit." (Cranwill v. Donahue, No. 77-1122, slip op. at 2-3 (7th Cir., filed Aug. 3, 1977).)

The court then went on to discuss the possibility of probable cause for the allegedly unlawful arrest and detention which formed the basis of plaintiff's complaint and concluded its decision with a one-paragraph discussion of count III of the complaint:

> "Because the first two counts fail to state a claim upon which federal jurisdiction may be founded, the pendent state claim in Count III also fails *for lack of jurisdiction.* The dismissal order of the district court is affirmed." (Emphasis added.) Cranwill v.

Donahue, No. 77-1122, slip op. at 4 (7th Cir., filed Aug. 3, 1977.)

Plaintiff then filed the instant action. In response to defendants' motion to dismiss, the trial court held, *inter alia*:

"(1) That Section 24a of Chapter 23 [*sic*], Illinois Revised Statutes did not operate to toll any statute of limitations as there was neither a voluntary dismissal or any action dismissed for want of prosecution in the prior federal suit.

(2) That the action of the federal court constitutes a decision on the merits regarding the statutory presumption, breathalyzer test and probable cause for arrest which are the nexus of every action alleged by plaintiff."

Presented for our review are the two issues framed by the court's order. First, whether there has been a decision on the merits barring plaintiff's claim on *res judicata* grounds; and second, whether the action is permissible under section 24 of "An Act in regard to limitations" (Ill. Rev. Stat. 1979, ch. 83, par. 24(a)).

Turning to the first issue of whether plaintiff's action is barred under *res judicata* principles, we note that *res judicata* and collateral estoppel are judicial doctrines designed to protect litigants from the burden of retrying an identical cause of action or issue with the same party or privy, and to enhance judicial economy by prohibiting repetitive litigation. (*People v. Bone* (1980), 82 Ill. 2d 282, 412 N.E.2d 444.) *Res judicata* concludes all matters which were or might have been determined (*Hughey v. Industrial Com.* (1979), 76 Ill. 2d 577, 394 N.E.2d 1164) and requires identity of parties, subject matter, and cause of action (*Ray Schools-Chicago-Inc. v. Cummins* (1957), 12 Ill. 2d 376, 146 N.E.2d 42). Collateral estoppel concludes only those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered (*People v. Bone*); however, identity of cause of action is not required (*Healea v. Verne* (1931), 343 Ill. 325, 175 N.E.2d 562).

As identity of parties and subject matter is here present, we turn to the question of whether there is identity of cause of action. While the term "cause of action" has no all-embracing definition (see 1 Am. Jur. 2d *Actions* § 1 (1962)), the following has been utilized in *res judicata* analysis:

"A cause of action consists of the right belonging to the plaintiff for some wrongful act or omission done by the defendant by which that right has been violated; the thing done or omitted to be done which confers the right upon the other to sue—that is, the act or wrong of the defendant against the plaintiff which caused a grievance for which the law gives a remedy. [Citations.] A cause of action includes every fact necessary for the plaintiff or the complainant to prove to entitle him to succeed and every fact which

the defendant would have a right to traverse; the right to prosecute an action with effect. [Citations.]" *City of Elmhurst v. Kegerreis* (1945), 392 Ill. 195, 205-06, 64 N.E.2d 450, 454.

The right averred by plaintiff in the prior Federal action was that he was entitled to his civil rights under the United States Constitution. The alleged wrongful act was the deprivation of those rights. The right averred by plaintiff in this cause was the right to be free from the pleaded torts, or "wrongful acts" (see *Hayes v. Massachusetts Mutual Life Insurance Co.* (1888), 125 Ill. 626, 634, 18 N.E. 322, 325). The alleged wrongful act was the perpetration of such torts. No constitutional violation is involved in the instant action.

■■ Helpful to our analysis is a consideration of whether every fact necessary for the Federal action is necessary to the cause at bar. In the prior action a necessary fact was the intentional deprivation or reckless disregard of constitutional rights. Indeed it was the failure to allege this necessary fact which caused the Federal action to fail. Yet, pleading this fact is wholly unnecessary to the instant action. Thus, under both prongs of the *Kegerreis* test, there is no identity of cause of action here present and *res judicata* principles are inapplicable.

Plaintiff may still be collaterally estopped from raising those issues or points upon the determination of which the prior judgment was rendered. Defendants assert, as the trial court found, that there has been a decision on the merits as to the three issues stated in the previously quoted order. We turn to the prior decision:

> "Cranwill's complaint does not allege intent, *nor can intent or reckless disregard be inferred* from that pleading. There is not even an allegation of awareness on the part of defendants that they lacked probable cause to make the arrest, or that they knew that the evidence was insufficient to charge plaintiff with the drunken driving offense.
>
> Plaintiff rests his claim that the defendants unlawfully arrested him on the fact that he was charged and held in custody even though the analysis of his breath raised the statutory presumption that he was not intoxicated (Note 2, *supra*). Plaintiff equates the statutory presumption with a finding of not guilty and concludes that the arrest was consequently unlawful. Under Illinois law, the statutory presumption is not conclusive but may be overcome by sufficient evidence. [Citations.] Scientific evidence need not be offered to sustain a finding of intoxication at trial. [Citation.] Although the breathalyzer test results are admissible as an element of proof [citation], any other circumstantial evidence is admissible to prove intoxication. [Citation.]

Under Illinois law, despite Cranwill's passing the breathalyzer test, the Sheriff's deputies *may* still have had probable cause to arrest him. *Intent or reckless disregard cannot be inferred* merely from defendant's having charged the plaintiff although he passed the breathalyzer test. Therefore, as to this part of Count I, plaintiff has stated no claim cognizable under Section 1983." (Emphasis added.) Cranwill v. Donahue, No. 77-1122, slip op. at 3 (7th Cir., filed Aug. 3, 1977).

It can be seen that, after noting that intent to deprive of, or reckless disregard for, constitutional rights had not been alleged, the court went on to consider whether such intent or reckless disregard could be *inferred* from the pleadings. Determining that it could not, the court held that no Federal claim existed. The issue "upon the determination of which the finding or verdict was rendered" (*Cromwell v. County of Sac* (1877), 94 U.S. 351, 353, 24 L. Ed. 195, 198, cited in *People v. Bone* (1980), 82 Ill. 2d 282, 287, 412 N.E.2d 444, 446) was the presence or absence of intent or reckless disregard. Collateral estoppel thus extends to that determination, which is immaterial to the cause of action herein. That intent or reckless disregard cannot be inferred as probable cause *may* have existed is not only not a finding as to whether probable cause in fact did exist, the presence or absence of probable cause simply was not the determinative issue.

■■ No court has yet passed on the merit of plaintiff's claims under Illinois law. The district court dismissed plaintiff's complaint for lack of jurisdiction. The court of appeals explained why. If the complaint at bar was filed in a timely fashion, there is no bar to plaintiff having his day.

■■ The second issue presented for our review is whether this action is permissible under section 24 of "An Act in regard to limitations" (Ill. Rev. Stat. 1979, ch. 83, par. 24a). That provision provides:

"In the actions specified in this Act or any other act or contract where the time for commencing an action is limited, if * * * the action is dismissed by a United States District Court for lack of jurisdiction, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is * * * dismissed by a United States District Court for lack of jurisdiction."

The district court dismissed the Federal action for lack of jurisdiction on December 17, 1976. The instant complaint was filed on October 18, 1977, approximately 10 months later. It is therefore permissible under the subject provision, and further consideration of the issue is unnecessary.

The order of the circuit court of Tazewell County dismissing this cause for the reasons stated therein is hereby reversed and this cause remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

SCOTT, P. J., and BARRY, J., concur.