RICHARD CONNER, Plaintiff-Appellee, *v.* THE COPLEY PRESS, INC., *et al.*, Defendants-Appellants.

Fourth District   No. 4—82—0396

Opinion filed January 27, 1983.

Barber, Hall, Segatto & Hoffee, of Springfield (Barry O. Hines, of counsel), for appellants.

Wayne B. Giampietro and Kathrin A. Koenig, both of DeJong, Poltrock & Giampietro, of Chicago (Andrew J. Leahy and Cheryl Redfield, both of Leahy & Leahy, of counsel), for appellee.

JUSTICE MILLS delivered the opinion of the court:

This appeal involves pure procedure.

We deal here with *nonsuits* and *dismissals*—voluntary and otherwise.

Defendants were granted this interlocutory appeal (87 Ill. 2d R. 308) to determine whether the plaintiff's action for libel is untimely.

We conclude that it is.

We reverse.

The plaintiff filed a libel action in Federal court, but it was dismissed for lack of subject matter jurisdiction; the plaintiff then filed the instant action in State court after the applicable statute of limitations had run. This appeal turns on what is now section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 13—217), formerly section 24 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 24a), which in a variety of circumstances (including dismissal by a Federal court for lack of jurisdiction) permits a party to begin a new action even though the statute of limitations has already run. The defendants argue that the version of the statute applicable here (Ill. Rev. Stat. 1977, ch. 83, par. 24a) did not include within its scope Federal dismissals for lack of jurisdiction.

The procedural history of this case is short and undisputed. Three allegedly libelous newspaper articles were published April 29, April 30, and May 20, 1977; the plaintiff filed an action for libel in United States District Court April 24, 1978, within the one-year period for bringing actions for defamation, libel, and slander (Ill. Rev. Stat. 1977, ch. 83, par. 14). The defendants then advised the district court that the plaintiff and defendant Copley Press, Inc., were residents of the same State, California, and on October 4, 1978, the Federal court dismissed the complaint for lack of subject matter jurisdiction. On December 14, 1978, the plaintiff filed the instant action in State court. Bound by *Cranwill v. Donahue* (1981), 99 Ill. App. 3d 968, 426 N.E.2d 337, which gave retroactive effect to the amendment adding Federal dismissals for lack of jurisdiction to section 24, the circuit judge denied the defendants' motion to dismiss the complaint as untimely. This appeal followed, and we reverse.

From October 1, 1976, through December 31, 1979, section 24 provided that "if judgment is given for the plaintiff but reversed on appeal; or if there is a verdict for the plaintiff and, upon matter alleged in arrest of judgment, the judgment is given against the plaintiff; or the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution ***" a new action could be brought within the greater of one year and the time remaining on the period of limitation (Ill. Rev. Stat. 1977, ch. 83, par. 24a). Effective January 1, 1980, section 24 was amended to add a clause concerning dismissal by Federal district courts for lack of jurisdiction (Ill. Rev. Stat. 1979, ch. 83, par. 24a). The question here is whether this amendment merely expressed what was previously implicit or, alternatively, should be given retroactive effect. We conclude from the recent his-

tory of section 24, which is set out below, that the version existing from October 1, 1976, through December 31, 1979, did not include Federal dismissals; we also conclude that the amendment adding them does not apply retroactively.

In *Roth v. Northern Assurance Co.* (1964), 32 Ill. 2d 40, 203 N.E.2d 415, the plaintiff's action in Federal court to collect on five insurance policies was dismissed for lack of subject matter jurisdiction. The plaintiff then sued in State court but after the expiration of the standard insurance clause requiring that actions be brought within 12 months of loss—the Federal suit had been filed within that time. The defendant insurance companies in *Roth* argued, among other issues, that the phrase, "if the plaintiff be nonsuited," in section 24 (Ill. Rev. Stat. 1963, ch. 83, 24a) did not include dismissals for lack of jurisdiction. In an opinion by Justice Schaefer, the supreme court disagreed, relying on *Sachs v. Ohio National Life Insurance Co.* (7th Cir. 1942), 131 F.2d 134, which had said that section 24 is remedial and therefore should be construed liberally and that nonsuits and dismissals for lack of jurisdiction are sufficiently similar in purpose and effect that "nonsuit" includes the other.

Effective October 1, 1976, an amendment to section 24 deleted "nonsuit" and added "voluntary dismissal." (Ill. Rev. Stat. 1977, ch. 83, par. 24a.) "Nonsuit" is a general term and includes two kinds of dismissals: voluntary and involuntary. (Black's Law Dictionary 954 (5th ed. 1979).) In *Hupp v. Gray* (1978), 73 Ill. 2d 78, 382 N.E.2d 1211, the plaintiff's action in Federal court was involuntarily dismissed, and that decision was affirmed on appeal; the plaintiff then brought suit in State court. Discussing in *dictum* the effect of the 1976 amendment, the court said:

> "During the pendency of this case in the appellate court, the legislature amended section 24 by substituting the words 'the action is voluntarily dismissed by the plaintiff' for the words 'if the plaintiff is nonsuited' (Ill. Rev. Stat. 1977, ch. 83, par. 24a). Consequently, as the statute now reads, its protection would now be unavailable to plaintiff, since his action was [involuntarily] nonsuited and not voluntarily dismissed." (73 Ill. 2d 78, 82, 382 N.E.2d 1211, 1213.)

A dismissal for lack of jurisdiction is in no sense voluntary. The deletion of "nonsuit" effectively limited involuntary nonsuits to the one kind remaining in the section: dismissals for want of prosecution. Deprived of its synonym "nonsuit" (*Roth*), a dismissal for lack of jurisdiction could no longer be used to invoke section 24.

■■ The legislature quickly closed this gap. Section 24 was

amended, effective January 1, 1980, to include dismissal by a Federal district court for lack of jurisdiction; the reference to voluntary dismissals was retained. We conclude that from October 1, 1976, when voluntary dismissals replaced nonsuits, until January 1, 1980, when Federal dismissals were added, section 24 did not provide relief to plaintiffs whose Federal actions had been dismissed for lack of jurisdiction.

■ The plaintiff argues alternatively that the 1980 amendment applies retroactively; *Cranwill v. Donahue* (1981), 99 Ill. App. 3d 968, 426 N.E.2d 337, reached that result under a chronology similar to the one here, but without discussing retroactivity. An amendment to a statute of limitations cannot be applied retroactively to revive a cause of action already barred unless the amendment provides to the contrary (*Wilson-Raymond Constructors Co. v. Industrial Com.* (1980), 79 Ill. 2d 45, 402 N.E.2d 584), which the 1980 amendment to section 24 does not do.

■ The plaintiff argues that rather than being a true or usual limitations period on bringing actions, section 24 provides a unique remedy for merely procedural mistakes or lapses; as a change in procedure, the 1980 amendment may therefore be applied retroactively. (*Hogan v. Bleeker* (1963), 29 Ill. 2d 181, 193 N.E.2d 844.) Giving the 1980 amendment retroactive effect would, however, violate precedent by reviving an extinguished liability and depriving the defendants of a vested right, the defense of the statute of limitations. (*Wilson-Raymond Constructors; Arnold Engineering, Inc. v. Industrial Com.* (1978), 72 Ill. 2d 161, 380 N.E.2d 782.) Declining to follow *Cranwill*, we therefore conclude that the 1980 amendment to section 24 does not apply retroactively.

Reversed.

TRAPP and LEWIS, JJ., concur.