Joseph HAGEE, Reed Mitchell Hagee
and Raymond Jump,
Plaintiffs-Appellants,

v.

CITY OF EVANSTON, a Municipal
Corporation, Defendant-Appellee.

No. 83–1712.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 5, 1983.

Decided March 9, 1984.

John Bernard Cashion, Chicago, Ill., for plaintiffs-appellants.

Jack M. Siegel, Chicago, Ill., for defendant-appellee.

Before BAUER and FLAUM, Circuit Judges, and EVANS, District Judge.[*]

FLAUM, Circuit Judge.

The appellants brought this action in the district court seeking damages under 42 U.S.C. § 1983 (Supp. IV 1980) for an alleged violation of their civil rights. The district court dismissed their suit on the basis of res judicata, finding that the appellants' earlier state court suit, which stemmed from the same set of facts and in which they sought and won injunctive relief, barred them from later bringing this suit in federal court. On the appeal from that dismissal, we affirm the decision of the district court.[1]

In September of 1978, the appellants obtained a building permit from the appellee, the city of Evanston, Illinois, to build a residential development on a parcel of land in Evanston. Some time later, after a substantial amount of construction had been done, Evanston officials determined that the building permit had been issued erroneously, and that the appellants' development would violate applicable zoning requirements. Subsequently, Evanston's Zoning Board of Appeals voted to revoke the building permit, and the city halted construction. The appellants then filed suit in the Chancery Division of the Circuit Court of Cook County, claiming that Evanston was estopped to revoke the building permit, and seeking to enjoin Evanston from interfering with the completion of their project. The circuit court granted the appellants injunctive relief, noting that they had incurred nearly a million dollars in expenses in reliance on the permit. However, the court conditioned its injunction upon the performance of certain actions by the appellants.

The circuit court's order was not stayed pending appeal, and the appellants resumed construction of their development. A dispute arose concerning some aspects of the appellants' compliance with the conditions of the circuit court's order, and Evanston again halted work at the construction site. The appellants then went back to the state circuit court to petition for a rule to show cause. After a hearing, the state court denied the appellants' petition.

On December 8, 1980, the Illinois Appellate Court affirmed the circuit court's order granting the appellants injunctive relief. *Hagee v. City of Evanston*, 91 Ill.App.3d 729, 47 Ill.Dec. 68, 414 N.E.2d 1184 (1980). More than a year and a half later, in July 1981, the appellants, having completed their construction project, brought this action in federal court. The appellants essentially alleged that by revoking their building permit and twice stopping construction on their development, Evanston arbitrarily deprived them of their property without due process of law. They also complained that Evanston violated their rights under the fifth amendment's "takings" clause and the fourteenth amendment's equal protection clause. The appellants sought damages under section 1983 in the amount of $515,000, allegedly incurred in the form of attorneys' fees, increased financing expenses, forced renegotiation of subcontracts, preservation expenses during shutdown, and increases in the cost of materials. They also sought attorneys' fees ex-

---

[*] The Honorable Terence T. Evans, Judge of the United States District Court for the Eastern District of Wisconsin, is sitting by designation.

[1]. The appellee has argued that if we do not uphold the district court's ruling on res judicata grounds, we nevertheless should affirm the dis-

missal of the appellants' suit, on the grounds that the appellants have failed to state a cause of action under § 1983. Because we find the appellants' suit to be barred by res judicata, we express no view on the question of whether they have stated a cause of action under § 1983.

pended in their federal suit, pursuant to 42 U.S.C. § 1988 (Supp. IV 1980).

The district court first dismissed the appellants' complaint for failure to state a cause of action for relief under section 1983. *Hagee v. City of Evanston*, 530 F.Supp. 585 (N.D.Ill.1982). It then permitted the appellants to amend their complaint, *Hagee v. City of Evanston*, 95 F.R.D. 344 (N.D.Ill.1982), and the appellants did so. Subsequently, in a memorandum opinion and order dated March 21, 1983, the district court dismissed the appellants' amended complaint, finding the appellants' suit barred by their earlier state court action under the principles of res judicata. This appeal followed.

■ The district court found that the appellants' present suit was barred by res judicata because the appellants could have raised their current claims in their earlier state court suit but failed to do so. It is a well-established rule that res judicata bars parties or their privies from litigating not only matters that in fact were raised and decided in an earlier suit involving the same cause of action and the same parties, but also all other matters that could have been raised in the earlier suit. *Lee v. City of Peoria*, 685 F.2d 196, 199 (7th Cir.1982); *Spiller v. Continental Tube Co.*, 95 Ill.2d 423, 432, 69 Ill.Dec. 399, 436, 447 N.E.2d 834, 838 (1983).[2] The appellants seek to avoid the application of this rule to their case primarily by arguing that under the Illinois law of res judicata, their state and federal suits involve different causes of action. However, because we find that under Illinois law the appellants' present suit would be barred by res judicata, we affirm the decision of the district court.

■ The appellants correctly point out that under 28 U.S.C. § 1738 (1976),[3] this court must apply the res judicata law of Illinois in determining the preclusive effect of a judgment rendered by an Illinois court. In *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), the Supreme Court stated, "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Id.* at 96, 101 S.Ct. at 415. *See also Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). Although some courts and commentators have suggested that a federal court sometimes may apply a federal rule of res judicata and give a *greater* preclusive effect to a state court judgment than would be accorded by that state's law, *see generally FDIC v. Eckhardt*, 691 F.2d 245 (6th Cir. 1982) and authority cited therein, the Supreme Court recently laid this proposition to rest in the case of *Migra v. Warren City School District Board of Education*, —— U.S. ——, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). Thus, it is clear that we must give the decision in the appellants' state court suit the same preclusive effect—no more, no less—as would the courts of Illinois. Accordingly, we will examine the Illinois law of res judicata.

As we have indicated, the appellants frame the main question on this appeal as whether their earlier state court suit and their present suit involve the same cause of action under Illinois law, for purposes of applying the doctrine of res judicata. The Illinois intermediate appellate courts have produced a wealth of cases on the question of what constitutes a cause of action, but they have not spoken with one voice. Our review of Illinois case law reveals many different formulations of the test to determine whether two suits involve the same

---

**2.** We note that this rule applies to civil rights actions under § 1983 as it does to other types of suits. *Lee v. City of Peoria*, 685 F.2d at 198–99.

**3.** Section 1738 reads in pertinent part:

[J]udicial proceedings shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State . . . from which they were taken.

cause of action, with no clear trend in any direction. However, despite differences in language, virtually all of these cases can be placed in one of two basic groups.

In the first group of cases, the courts have approached the task of deciding whether two suits involve the same cause of action by looking at the proof required in each suit. This "proof" approach has been stated in numerous ways. For example, one oft-cited standard is whether the same evidence would sustain both actions. *See, e.g., Mendelson v. Lillard,* 83 Ill. App.3d 1088, 1094, 39 Ill.Dec. 373, 379, 404 N.E.2d 964, 970 (1980); *Rotogravure Service, Inc. v. R.W. Borrowdale Co.,* 77 Ill. App.3d 518, 525, 32 Ill.Dec. 762, 767, 395 N.E.2d 1143, 1148 (1978).[4]

In the other group of Illinois cases dealing with the res judicata doctrine, the courts have taken a "transactional" approach to identifying a cause of action.[5] A court employing a transactional approach will focus not on the type of proof required in each suit, but on the factual setting in which each suit arises. If both suits arise from the same transaction, incident or factual situation, res judicata generally will bar the second suit. In *Baird & Warner, Inc. v. Addison Industrial Park, Inc.,* 70 Ill.App.3d 59, 64, 26 Ill.Dec. 1, 8, 387 N.E.2d 831, 838 (1979), the court explained the transactional approach. It stated, "The mere fact that different claims are alleged is immaterial; the assertion of different kinds or theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief." [6]

These two approaches to identifying a cause of action for purposes of res judicata can lead to different results. Which of the two approaches is mandated under Illinois law is not immediately discernible as the Illinois Supreme Court has not explicitly adopted one approach over the other. With the intermediate Illinois appellate decisions not consistent in their treatment of this area of the law, and in the absence of specific direction from the state's highest court, we deem it appropriate under section 1738 to look to the most recent pronouncements of the Illinois Supreme Court with regard to the policies behind the res judicata doctrine and the scope of that doctrine in deciding whether the appellants' suit should be barred.

---

4. Other Illinois courts have held the test to be whether the evidence needed to sustain the second action would have sustained the first. *See, e.g., Schmitt v. Woods,* 73 Ill.App.3d 498, 500, 29 Ill.Dec. 498, 499, 392 N.E.2d 55, 56 (1979); *Pierog v. H.F. Karl Contractors, Inc.,* 39 Ill.App.3d 1057, 1061, 351 N.E.2d 249, 252 (1976). One court has framed the cause of action question as whether "every fact necessary for the [first] action is necessary to the cause at bar." *Cranwill v. Donahue,* 99 Ill.App.3d 968, 971, 55 Ill.Dec. 362, 364, 426 N.E.2d 337, 339 (1981). Most of the remaining cases in this group state not one test for determining what is a cause of action, but two. *See, e.g., Village of Northbrook v. County of Cook,* 88 Ill.App.3d 745, 750, 43 Ill. Dec. 792, 796, 410 N.E.2d 925, 929 (1980) (test is "whether the evidence needed to sustain the second would have sustained the first or whether there is identity of facts essential to the maintenance of both cases"); *Palya v. Palya,* 87 Ill.App.3d 472, 475, 42 Ill.Dec. 638, 641, 409 N.E.2d 133, 136 (1980) (test is "whether there is identity of facts essential to the maintenance of both cases or whether the same evidence would sustain both actions").

5. The transactional approach is said to be the present trend among courts nationwide. See RESTATEMENT (SECOND) OF JUDGMENTS § 24 comments a, b and c (1980).

6. Other Illinois courts have also adopted a transactional approach in determining whether two suits involve the same cause of action, looking at the "operative facts" or "underlying facts" of each suit. *See Radosta v. Chrysler Corp.,* 110 Ill.App.3d 1066, 1069, 66 Ill.Dec. 744, 747, 443 N.E.2d 670, 673 (1982); *Wilson-Jump Co. v. McCarthy-Hundrieser and Associates, Inc.,* 85 Ill. App.3d 179, 184, 40 Ill.Dec. 230, 234, 405 N.E.2d 1322, 1326 (1980); *Power Electric Contractors, Inc. v. Maywood-Proviso State Bank,* 60 Ill. App.3d 685, 691, 17 Ill.Dec. 952, 956, 377 N.E.2d 142, 146 (1978). *See also Morris v. Union Oil Co.,* 96 Ill.App.3d 148, 157, 51 Ill.Dec. 770, 777, 421 N.E.2d 278, 285 (1981) (implicitly applying an "underlying facts" test); *Bass v. Scott,* 79 Ill.App.3d 224, 226, 34 Ill.Dec. 561, 563, 398 N.E.2d 236, 238 (1979) (test is "whether the underlying facts are identical in both actions or whether the same evidence would sustain both actions").

■ The res judicata doctrine has developed because of "the practical necessity that there be an end to litigation and that controversies once decided on the merits shall remain in repose." *Hughey v. Industrial Commission*, 76 Ill.2d 577, 582, 31 Ill.Dec. 787, 789, 394 N.E.2d 1164, 1166 (1979). Stated differently, res judicata is designed "to enhance judicial economy by prohibiting repetitive litigation." *Spiller v. Continental Tube*, 95 Ill.2d 423, 432, 69 Ill.Dec. 399, 403, 447 N.E.2d 834, 838 (1983) (citations omitted). The res judicata doctrine is also designed to protect litigants from the burden of repetitive litigation. *Id.* On the basis of these policy considerations, the Illinois Supreme Court has summarized the scope of the res judicata doctrine as follows:

> [T]he conclusiveness of the judgment in such case [the prior action] extends not only to matters actually determined, but also to other matters which could properly have been raised and determined therein. This rule applies to every question relevant to and falling within the purview of the original action, in respect to matters of both claim or grounds of recovery, and defense, which could have been presented by the exercise of due diligence.

*Hughey v. Industrial Commission*, 76 Ill.2d at 582, 31 Ill.Dec. at 789, 394 N.E.2d at 1166 (citations omitted). *See also Spiller v. Continental Tube*, 95 Ill.2d at 432, 69 Ill.Dec. at 403, 447 N.E.2d at 838 (res judicata extends "not only to questions which were actually litigated but also to all questions which could have been raised or determined").

■ The principle that res judicata extends to all matters within the purview of the original action, whether or not they were actually raised, is tantamount to a rule requiring parties to consolidate all closely related matters into one suit.[7] As such, the principle serves well the interest of judicial economy, and thus it is at the core of the res judicata doctrine.[8] Two corollaries of that principle are also of fundamental importance to Illinois's res judicata doctrine. First is the rule that a party may not maintain two suits based on the same set of facts by the simple expediency of limiting the theories of recovery advanced in the first. *See Hughey v. Industrial Commission*, 76 Ill.2d at 582, 31 Ill. Dec. at 788–89, 394 N.E.2d at 1165–66; *Baird & Warner, Inc. v. Addison Industrial Park, Inc.*, 70 Ill.App.3d at 64, 26 Ill.Dec. at 8, 387 N.E.2d at 390. The second rule is that a party may not maintain two suits based on the same set of facts simply by altering the claim for relief from one suit to the next. *Consolidated Distilled Products, Inc. v. Allphin*, 73 Ill.2d 19, 30, 21 Ill.Dec. 853, 857, 382 N.E.2d 217, 221 (1978); *Radosta v. Chrysler Corp.*, 110 Ill.App.3d 1066, 1069, 66 Ill.Dec. 744, 747, 443 N.E.2d 670, 673 (1982).

■ It is on the basis of these rules that we find the appellants' present suit barred. A close examination of the appellants' two suits reveals that their current suit is in effect a reincarnation of their first suit, brought under a different legal theory and requesting a different kind of relief. The appellants' first suit was brought to enjoin the city of Evanston from preventing the completion of the appel-

---

7. We note that this rule is somewhat at odds with the use of a proof test to determine whether two suits involve the same cause of action. Strict application of a proof test, that is, finding one suit barred by another only if the maintenance of the suits depends on identical proof, would allow litigants to circumvent the rule requiring them to consolidate closely related matters. They could do this by altering some aspects of their basic claim from one suit to the next, thus contriving a distinction in the proof required for the maintenance of each suit and preventing the application of res judicata.

Nevertheless, a few Illinois courts have applied a proof test very strictly. *See, e.g., Cranwill v. Donahue*, 99 Ill.App.3d 968, 55 Ill.Dec. 362, 426 N.E.2d 337 (1981).

8. The fact that only the res judicata doctrine can bar the litigation of matters that were not actually litigated in an earlier suit is one of the primary distinctions between res judicata and collateral estoppel under Illinois law. *See People v. Bone*, 82 Ill.2d 282, 286–87, 45 Ill.Dec. 93, 96, 412 N.E.2d 444, 446 (1980).

lants' construction project. It was based on a theory of estoppel. The appellants' current suit is for damages allegedly flowing from the very same conduct complained of in the appellants' first suit, Evanston's obstruction of the appellants' construction project. This suit is based on several constitutional theories. The primary differences between the two suits are in their requests for relief and in the legal theories upon which they are based. Interpreting Illinois Supreme Court decisions, we find these differences not sufficient to distinguish the suits for purposes of applying the res judicata doctrine, where both suits arise from the same set of facts. The appellants' constitutional claims and their request for damages were matters within the purview of their first suit, and there exists no reason that these matters could not have been raised in their first suit.[9] Accordingly, we find the appellants' suit barred by res judicata under Illinois law, and we affirm the decision of the district court.[10]

9. We note that this is not a case involving a plaintiff who sought urgently needed temporary injunctive relief and then came to court with a claim for damages shortly thereafter as part of the same suit. Nor have the appellants claimed that they could not ask for damages in their earlier suit because damages had not yet been incurred. In fact, the appellants stated at oral argument that their failure to seek damages in state court was a matter of strategy. Apparently, the appellants thought that a request for damages would jeopardize their chances of procuring injunctive relief, which was their more immediate concern. Thus, it is clear that the appellants did have a "full and fair opportunity" to litigate their present claims in their earlier suit, a prerequisite to the application of res judicata. *Allen v. McCurry*, 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980).

10. The appellants have also argued that res judicata is inapplicable to their case because Illinois law would permit a court to try their equitable and legal claims separately. We reject this argument, because it is clear that under Illinois law an action in equity can bar a subsequent action in law, or vice versa, under the res judicata doctrine. *See Aetna Screw Products, Inc. v. Borg*, 116 Ill.App.3d 206, 214, 71 Ill.Dec. 893, 899, 451 N.E.2d 1260, 1266 (1983); *Howard T. Fisher & Associates v. Shinner Realty*, 24 Ill. App.2d 216, 164 N.E.2d 266 (1960).