Roger B. **WOZNIAK** and Shirley M. **Wozniak, Plaintiffs–Appellants,**

v.

**COUNTY OF DuPAGE, et al., Defendants–Appellees.**

No. 87–1030.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 6, 1987.

Decided April 21, 1988.

---

Heidi H. Katz, Fawell, James & Brooks, Naperville, Ill., for plaintiffs-appellants.

James R. Schirott, James G. Sotos, Charles E. Hervas, Schirott & Assoc., P.C., Itasca, Ill., for defendants-appellees.

Before POSNER and COFFEY, Circuit Judges, and NOLAND, Senior District Judge.*

COFFEY, Circuit Judge.

Plaintiffs-appellants Roger and Shirley Wozniak appeal from the district court's grant of summary judgment in favor of the defendants. The court ruled that the Wozniaks were precluded from bringing their Section 1983 claim finding it was barred by res judicata and collateral estoppel principles. We affirm.

## I.

In July of 1979, Roger and Shirley Wozniak contracted to purchase a two-acre parcel of land on Grace Street near the Village of Lombard in unincorporated DuPage County. The Wozniaks intended to build a home on a site zoned for single-family residences.

On July 27, 1979, Roger approached the DuPage County Planning and Zoning Department to inquire about the procedures for obtaining a building permit. Thomas Miller, a department employee, checked his records and told Roger that the lot was suitable for building subject to an acceptable percolation test for a septic system and a satisfactory grading and drainage plan. The Wozniaks completed the percolation test and submitted the required grading and drafting plans to the DuPage County Building Department to obtain an excavation permit.

On August 31, 1979, the Wozniaks received a copy of a letter from DuPage County Department of Public Works Drainage Engineer Homer Branch to David Van Vleck, the Zoning Administrator within the DuPage County Department of Public Works, indicating that the grading and drainage plan had been rejected because the Wozniaks' lot was in a flood plain or wetland. During the next month, the Wozniaks submitted additional engineering studies and met at various times with

* The Honorable James E. Noland, Senior District Judge for the Southern District of Indiana, sitting by designation.

Branch, Van Vleck, and DuPage County Department of Public Works Superintendent David Loveland, in an effort to demonstrate that the property was not in a flood plain or wetland area and thus met all the County's requirements for the issuance of a permit. Nevertheless, the Department of Public Works reiterated its position to the Zoning and Planning Department in a letter signed by Branch recommending the denial of a permit stating that the lot was susceptible to flooding. The Zoning and Planning Department formally denied the excavation permit on November 2, 1979, and on review, the County's Planning and Zoning Committee affirmed the department's denial of the permit.

On December 12, 1979, Roger filed a petition for a writ of mandamus in DuPage County Circuit Court against the DuPage County Board of Supervisors, the DuPage County Zoning and Planning Department, and David Van Vleck seeking issuance of the excavation permit. The petition alleged that the failure of the defendant Van Vleck to issue the excavation permit was arbitrary, capricious, and without legal basis as the property was located neither in a flood plain nor a wetland as those terms are defined in the DuPage County zoning ordinance. The petition stated that the "exercise of power by the defendants has deprived the plaintiff of his property without due process of law in violation of his constitutional guarantee ... under the 5th and 14th amendments of the Constitution of the United States." Although the petition alleged that the defendants' refusal to issue the excavation permit had caused Roger to suffer great financial hardship, the sole relief requested was a declaration that Roger had a right to issuance of the permit and an order directing the defendants to issue the permit.

Following a trial on the merits, Circuit Court Judge William Black issued the following letter opinion:

"From the evidence and exhibits presented in open court, I make the following findings of fact:

1. that the only reason for the denial of the plaintiff's excavation and fill permit was Mr. Branch's conclusion that the subject property was in the flood plain based upon maps, site inspection, and complaints from the people in the area.

2. that the plaintiff's subject property is not within the flood plain as it is defined in the Zoning Ordinance (J–1(a) through (g) [ ) ].

3. that the plaintiffs exhausted their procedural administrative remedies by proceeding before the Planning, Building and Zoning committee on November 19, 1979.

That based upon the foregoing it is the Court's conclusion that the defendants have abused their discretion in not issuing the permit to the plaintiff and the writ of mandamus should issue to compel them to do so."

Pursuant to Judge Black's order, the Wozniaks again demanded that the building permit be issued on April 10, 1980 and were again refused. The permit was issued in May 1980.

The Wozniaks filed suit in federal court on November 2, 1982, naming as defendants the County of DuPage and its zoning department, Van Vleck, Branch, Loveland, and Miller, in addition to the Village of Lombard and its Planning Director Thomas Taylor. In their complaint, the Wozniaks allege that during August and September of 1979, while they were attempting to obtain the excavation permit from the County officials, those officials (namely Miller) informed the Village of Lombard officials (namely Taylor) of the Wozniaks' plans to build a home on the lot. According to the Wozniaks, Lombard officials had adopted a long-range plan to acquire additional land near Grace Street several years earlier in order to extend Grace Street through to Roosevelt Road, and the acquisition of a parcel of the Wozniaks' land was essential to those plans.

The Wozniaks claimed that after Taylor learned of their plans, he and other unnamed Lombard officials, pursuant to a pattern and practice established among the County officials, instructed other County Department Heads "to take any action they

could to prevent plaintiffs from building on the subject property, or otherwise attempted to induce plaintiffs to deed, transfer or otherwise convey forty (40) feet of the subject property for use as a potential thorough fare [sic] even though Lombard had no present use of the land." The complaint alleges that these actions constituted a deprivation of property without due process and requests monetary damages. The complaint also includes two pendent state law counts alleging intentional infliction of mental distress.

The district court, relying on this court's decision in *Hagee v. City of Evanston*, 729 F.2d 510 (7th Cir.1984), granted summary judgment in favor of DuPage County and the individual defendants associated with the County (Van Vleck, Loveland, Branch, and Miller) on the grounds that the earlier mandamus suit barred the second suit by operation of res judicata.[1] The court also granted summary judgment in favor of the Village of Lombard and Taylor based on collateral estoppel and dismissed the pendent state claim for want of jurisdiction.

## II.

■ On appeal, the Wozniaks challenge the district court's conclusion that their Section 1983 claim against DuPage County and its officials is barred under the doctrine of res judicata. Under this doctrine, parties or their privies are barred from litigating not only matters that were in fact raised and decided in an earlier suit involving the same parties, but also all other matters that could have been raised in the earlier suit. *Smith v. City of Chicago*, 820 F.2d 916, 917 (7th Cir.1987). Res judicata is designed to ensure the finality of judicial decisions because it "encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." *Brown v. Felsen*, 442 U.S. 127,

131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979).

The Wozniaks seek to avoid the application of this time-honored rule of law to their claim against DuPage County and its officials primarily by arguing that under the Illinois law of res judicata, their state and federal suits involve different causes of action. The Wozniaks correctly point out that under the full faith and credit statute, 28 U.S.C. § 1738,[2] this court must apply the res judicata law of Illinois in determining the preclusive effect of a judgment rendered by an Illinois court. In *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), the Supreme Court stated, "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgment emerged would do so." *Id.* at 96, 101 S.Ct. at 415. Thus, we must give the decision in the Wozniaks' state court suit the same preclusive effect—no more, no less—as would the Illinois courts. *See Migra v. Warren City School District Board of Education*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984).

In *Hagee v. City of Evanston*, 729 F.2d 510 (7th Cir.1984), this court examined the Illinois law of res judicata in a fact situation strikingly similar to the one at hand. In *Hagee*, the plaintiffs brought suit in Cook County Circuit Court seeking to enjoin the city from interfering with the completion of the plaintiffs' construction project by revoking their building permit, and · the court granted injunctive relief. Thereafter, the plaintiffs filed a Section 1983 action for damages in federal court, claiming the permit revocation deprived them of property without due process and constituted a taking in violation of the Fifth and Fourteenth Amendments.

In analyzing the preclusive effect of an Illinois state court judgment as determined

---

1. The term "res judicata" in this opinion and in the order of the district court is utilized in its narrow sense to indicate "claim preclusion," while the term "collateral estoppel" is used to denote "issue preclusion." *See, e.g., Smith v. City of Chicago*, 820 F.2d 916, 920 (7th Cir.1987).

2. Section 1738 provides, in pertinent part:

"[J]udicial proceedings shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State ... from which they were taken."

under res judicata principles as utilized in the Illinois courts, this court found that the Illinois cases fell into two basic groups: the "proof" approach, which focuses on the nature of the evidence needed to sustain the action; and the "transactional" approach, which analyzes whether suits arise from the same transaction, incident, or factual situation. *Id.* at 513. After concluding that the Illinois Supreme Court had not explicitly adopted either approach, this court stated:

> "The principle that res judicata extends to all matters within the purview of the original action, whether or not they were actually raised, is tantamount to a rule requiring parties to consolidate all closely related matters into one suit. As such, the principle serves well the interest of judicial economy, and thus it is at the core of the res judicata doctrine. Two corollaries of that principle are also of fundamental importance to Illinois's res judicata doctrine. First is the rule that a party may not maintain two suits based on the same set of facts by the simple expediency of limiting the theories of recovery advanced in the first. The second rule is that a party may not maintain two suits based on the same set of facts simply by altering the claim for relief from one suit to the next."

*Id.* at 514 (citations and footnotes omitted). Based on these rules, we concluded in *Hagee* that the plaintiffs' second suit was barred under the theory of res judicata since it was based on the very same conduct complained of in their first suit, Evanston's obstruction of their construction project. We found that the differences between the suits consisted of their requests for relief (injunction versus damages) and the legal theories upon which they were based (estoppel versus constitutional law), but that these differences were not sufficient to distinguish the suits for purposes of applying the res judicata doctrine, where both suits arise from the same set of facts. *Id.* at 514–15.

In the case at hand, the mandamus action sought an order compelling the issuance of the excavation permit, and the grounds alleged included that the decision not to issue the permit was an arbitrary and capricious one, a deprivation of property without due process, and a taking of property without just compensation. The current suit in federal court is for damages allegedly resulting from the same conduct as the mandamus action, the failure to issue a permit, and the legal theory is the same, a violation of constitutional guarantees. The only differences between the suits are the relief requested (injunction versus damages) and the statutory vehicles selected to bring the suit (mandamus versus Section 1983). As the district court properly concluded, these differences are insufficient under *Hagee* to prevent res judicata from barring the second suit because the Wozniaks' "constitutional claims and their request for damages were matters within the purview of their first suit, and there exists no reason that these matters could not have been raised in their first suit." *Id.* at 515 (footnote omitted).[3]

The Wozniaks submit that there was a reason that their claim for damages under Section 1983 could not have been raised in their mandamus action because mandamus is a restricted and summary remedy, not intended to be utilized for recovery of damages as alleged in their subsequent Section 1983 suit. Under Illinois law, the Wozniaks not only could but should have joined their damage claim under Section 1983 with their mandamus claim in state court. *See Button v. Harden,* 814 F.2d 382, 384 (7th Cir.1987) (citing *Edwards v. City of Quincy,* 124 Ill.App.3d 1004, 80 Ill.Dec. 142, 464 N.E.2d 1125 (1984)). By failing to allege every claim for relief in their cause of action that the state court had authority to consider, the Wozniaks have split their

---

**3.** The Wozniaks urge us to overrule our decision in *Hagee* because that decision misread well-settled Illinois law. We decline this invitation, however, because we are convinced that our decision in *Hagee* properly followed recent Illinois Supreme Court decisions, which require litigants to raise in the original action all relevant questions "'falling within the purview of the original action....'" *Hagee,* 729 F.2d at 514 (quoting *Hughey v. Industrial Comm.,* 76 Ill.2d 577, 582, 31 Ill.Dec. 787, 789, 394 N.E.2d 1164, 1166 (1979)).

claim; hence, any attempt to relitigate the propriety of the County's actions is "vulnerable to a defense of res judicata...." *Button,* 814 F.2d at 384.

■ The Wozniaks argue that our decision in *Hagee,* which was announced in 1984, should not be applied retroactively in evaluating the preclusive effect of their 1979 mandamus action. They contend that the question of whether to apply a decision retroactively depends upon three factors: (1) whether the new rule overrules past precedent or decides issues of first impression; (2) whether retroactivity will further or retard the rule's operation; and (3) whether retroactive application would be inequitable. *See Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971). *See also EEOC v. Vucitech,* 842 F.2d 936, 941–42 (7th Cir. 1988); *Ferrell v. Pierce,* 785 F.2d 1372, 1386 (7th Cir.1986) (per curiam). The Wozniaks submit that our decision in *Hagee* decided an issue of first impression concerning the scope and application of res judicata under Illinois law. They also maintain that it would be particularly unfair to apply *Hagee* retroactively in this case because evidence of the conspiracy was purely circumstantial when the mandamus action was filed to obtain the necessary speedy relief.

We decline to embrace the Wozniaks' argument that the *Hagee* decision only be applied prospectively. Our decision in *Hagee* did not announce any new rule concerning Illinois res judicata law; rather, this court in *Hagee* reviewed the relevant Illinois cases on the subject in order to glean the proper standard for applying res judicata under Illinois law. *Hagee* did not change the law, but merely summarized the existing Illinois law on res judicata. Moreover, the inequities of applying *Hagee* retroactively which the Wozniaks emphasize flow from their haste to bring the mandamus suit and do not result from applying that decision retroactively. Hence, we are convinced that our analysis in *Hagee* controls the res judicata issue in this case and bars the Wozniaks' second suit against the County and the officials associated therewith.

### III.

■ The Wozniaks also challenge the district court's dismissal of their claims against the Village of Lombard and its Director of Planning, Thomas Taylor, that they conspired with the DuPage County officials to refuse to issue the excavation permit. The court below held that the Wozniaks were collaterally estopped from further litigating the cause of the decision by the County to refuse the permit since the judge in the state mandamus suit found that "the only reason for the denial of the plaintiff's excavation and fill permit was Mr. Branch's conclusion that the subject property was in the flood plain based upon maps, site inspections, and complaints from people in the area." In light of this statement, the district court held that the Wozniaks were precluded from asserting that the real reason for the denial of the permit was a conspiracy by Village and County officials to obtain land for road expansion.

Under collateral estoppel principles, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). In determining the preclusive effect under collateral estoppel of a prior state court judgment, federal courts must look to state law and determine whether another state court would give preclusive effect to a prior proceeding. *Kunzelman v. Thompson,* 799 F.2d 1172, 1176 (7th Cir.1986). As this court noted in *County of Cook v. MidCon Corp.,* 773 F.2d 892 (7th Cir.1985), collateral estoppel under Illinois law precludes relitigation of issues in a subsequent proceeding when:

> "(1) the party against whom the estoppel is asserted was a party to the prior adjudication, (2) the issues which form the basis of the estoppel were actually litigated and decided on the merits in the prior suit, (3) the resolution of the particular issues was necessary to the court's

judgments, and (4) those issues are identical to issues raised in the subsequent suit."

*Id.* at 898 (citing Illinois law). The Wozniaks submit that the district court erred in concluding that the second and third prongs of this test were met in this case. Specifically, they allege that the issue of why their excavation permit was denied was not "litigated and decided on the merits" in their mandamus suit, and the resolution of this causation issue was not "necessary" to the state court's judgment in the mandamus action.[4]

We are convinced that based upon Roger Wozniak's pleadings filed in the state court action and the state court's decision, the issue of why the Wozniaks' excavation permit was denied was litigated and decided in the mandamus suit. In that action, Roger Wozniak alleged that the defendant Van Vleck arbitrarily and capriciously denied them their permit, and the state trial court specifically found "from the evidence and exhibits presented in open court" that the only reason for the denial was Branch's conclusion that the Wozniaks' property was located in a flood plain. The Wozniaks argue that, contrary to their pleadings in the mandamus suit, the sole issue in that action was whether their property was in a flood plain. If this were true, the state trial judge's finding of fact no. 2, which stated that "the plaintiff's subject property is not within a flood plain as it is defined in the Zoning Ordinance," would have been dispositive of the entire claim. Yet with the additional finding that Branch's conclusion was the only reason for denying the permit, the state trial judge rejected Wozniak's claim that Defendant Van Vleck had arbitrarily and capriciously denied the permit. Thus, the plaintiff's pleadings and the

court's findings in the mandamus action reveal that the issue of why the permit was denied was actually litigated and decided in that suit. This decision was necessary in reaching the conclusion that Van Vleck was not responsible for the denial of the permit, contrary to Wozniak's claim in his state court pleading. Because the Wozniaks have had their day in court to determine why their excavation permit was denied, the district court correctly concluded that they are collaterally estopped from relitigating this issue in trying to establish this time around that the Village of Lombard and Taylor were responsible for the improper denial of their excavation permit.[5]

IV.

The decision of the district court is AFFIRMED.

---

**4.** The Wozniaks do not challenge on appeal the district court's conclusion that the first and fourth prongs of the test for collateral estoppel were satisfied, namely that "1) Roger Wozniak was a party to the earlier litigation and Shirley Wozniak was in privity with her husband, ... and 4) the causation issue is identical to the causation issue in this suit." *Wozniak v. County of Du Page,* No. 82 C 6710, slip op. at 16 (N.D.Ill. December 10, 1986) [available on WESTLAW, 1986 WL 14144] (footnote omitted).

**5.** The Village of Lombard and Taylor have argued that if we do not uphold the district court's ruling on collateral estoppel grounds, we nevertheless should affirm the district court's decision on the grounds that the Wozniaks' substantive and procedural due process claims fail to state a claim under Section 1983. Because we agree with the district court's decision on the collateral estoppel issue, we express no view on the question of whether the Wozniaks have stated a cause of action under Section 1983.