**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW, and its Local 117, Plaintiffs,**

v.

**ACME PRECISION PRODUCTS, INC., a Delaware Corporation, Defendant.**

Civ. A. No. 81–70757.

United States District Court, E. D. Michigan, S. D.

May 29, 1981.

William A. Wertheimer, Miller, Cohen, Martens & Sugerman, Judith A. Scott, Detroit, Mich., for plaintiffs.

Donald S. Weiss, David S. Finch, Gottlieb & Schwartz, Chicago, Ill., Delmer C. Gowing, III, Goodenough, Smith & May, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This case is before the court on defendant's motion to dismiss two counts of plaintiff's complaint for plaintiff's failure to join necessary parties under F.R.C.P. 19. For the reasons that follow, defendant's motion is denied.

Plaintiff UAW commenced this action under § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, and alleged that defendant Acme Precision Products, Inc., had breached the collective bargaining agreement between the parties by refusing to arbitrate certain grievances and by refusing to comply with an arbitrator's award pertaining to a different grievance. The major disputes between the parties concern (1) the company's decision to close one of its facilities, and (2) its decision to terminate payment of health insurance premiums for retirees formerly employed at that facility. Plaintiff Local represents employees working at the facility which has been closed. Only the health insurance issue is involved on this motion to dismiss.

The court held a hearing on plaintiff's motion to compel arbitration of the company's decision to terminate payment of the insurance premiums for retirees and on plaintiff's motion for a status quo injunction pending arbitration. Following the dictate of *Nolde Brothers v. Bakery & Confectionery Workers Union*, 430 U.S. 243, 97 S.Ct. 1067, 51 L.Ed.2d 300 (1977), the court ruled that the issue was an arbitrable one

under the collective bargaining agreement. At that point, the parties agreed to submit the merits of the issue to the court for decision, and agreed on a method of continuing the payment of insurance premiums pending trial on this issue. Thus, the necessity for a status quo injunction was obviated. The issue to be resolved at trial is whether the company is obligated by the collective bargaining agreement to continue to pay the cost of health insurance for retired employees for the duration of their lives, or whether the obligation terminated with the closing of the plant and the demise of the collective bargaining agreement.

The health insurance aspect of this suit was brought by the Union on behalf of the approximately 78 retirees who were employed by the defendant at its closed facility.* Defendant now maintains that the counts of the complaint pertaining to the insurance issue must be dismissed because the Union failed to join the retirees as party plaintiffs in this action. Defendant maintains that the retirees' absence from this suit exposes it to the risk of additional litigation over the issue now before the court, and to the risk of multiple and inconsistent obligations by reason of the retirees' interests. In essence, defendant fears that this action will not have res judicata effect on possible subsequent law suits brought by the retirees themselves. Plaintiff Union maintains that it has standing to bring this action on behalf of the retirees and that the motion to dismiss should be denied. The court agrees.

Defendant's concern over the Union's failure to join the retirees as party plaintiffs was apparently prompted by *Laskey v. United Automobile Workers*, 638 F.2d 954 (6th Cir. 1981). In that case, the court decided the res judicata effect to be given to a prior class action in which the Union

---

* During oral argument on this motion, the court was informed that approximately 40% of the total retirees represented by the Union in this suit did not have health insurance coverage at the time of retirement. The balance of the retirees did have such coverage at the time of retirement. Whether both groups of retirees are entitled to health insurance coverage for the duration of their lives at the defendant's expense is a question to be resolved at trial. However, the Union brought suit on behalf of *all* retirees, and thus represents all retirees however they may otherwise be classified.

had been a party plaintiff and which had decided claimed rights to lifetime insurance benefits for retirees. Defendant argues that if the first action in *Laskey* had not been a class action, the employer would not have been able to raise the defense of res judicata in the second action. While defendant's concerns regarding its potential liability are understandable, they are not well founded. *Laskey* in no way stands for the proposition that a class action is the only way in which final decisions concerning retirees' rights can be reached and decided with res judicata effect in a single suit and, in fact, does not even address this issue. The court simply held that the settlement reached in the first class action bound the parties to the second class action, and did not speak to the issue whether the employer would be protected from further litigation if the first suit had been brought by the Union only in its representative capacity.

Under § 301, a Union has standing to bring suit for a breach of a collective bargaining agreement:

> * * * Any such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States. * * * 29 U.S.C. § 185(b).

Defendant argues that the Union is not suing on behalf of employees as required by the statute but is suing on behalf of retirees. Defendant asserts that these retirees have been given the right to bring individual actions against the company which employees do not have and that this right poses a substantial risk to it if this type of collective action is permitted.

The source of retirees' rights to bring a § 301 suit against their former employer is found in *Allied Chemical & Alkali Workers, Local 1 v. Pittsburgh Plate Glass Co.*, 404 U.S. 157, 92 S.Ct. 383, 30 L.Ed.2d 341 (1971). There the court held that an employer was under no statutory duty to bargain over benefits allegedly due to retirees because retirees are not "employees" within the meaning of the National Labor Relations Act. The court stated,

> Since retirees are not members of the bargaining unit, the bargaining agent is under no statutory duty to represent them in negotiations with the employer.
>
> .    .    .    .    .
>
> This does not mean that when a union bargains for retirees—which nothing in this opinion precludes if the employer agrees—the retirees are without protection. Under established contract principles, vested retirement rights may not be altered without the pensioner's consent. . . . The retiree, moreover, would have a federal remedy under § 301 of the Labor-Management Relations Act for breach of contract if his benefits were unilaterally changed. *Id.* at 181, n. 20, 92 S.Ct. at 398.

The fact that a company may not be required to bargain under §§ 8(a)(5) and 8(d) of the National Labor Relations Act over retiree benefits is not controlling in any way on the question whether the retirees must be joined as plaintiffs in this action involving benefits allegedly contracted for as a result of valid collective bargaining by the plaintiff on behalf of each of the persons who now is retired. Their interests are represented in this case by their former collective bargaining representative, and the Union has standing to bring this action in their behalf.

*Allied Chemical*, however, which merely determined whether a retiree was an "employee" for the purposes of section 2(3) of the NLRA, is inapposite in the instant case. The issue here is not whether the employer must bargain with the union over the benefits of the retired employees of [the predecessor employer], but whether [the successor employer] did in fact *contractually* commit itself to underwrite the premium costs for the health and life insurance benefits of the retirees. . . . Even though retirement benefits of former employees already retired are not a mandatory subject of collective bargaining, "it does not naturally follow, as the company implies, that a union loses all interest in the fate of its members once they retire." . . . We therefore hold

that the plaintiff-union has standing to represent the retirees in seeking arbitration under its labor contract with [the successor employer]. *United Steelworkers of America v. Canron, Inc.*, 580 F.2d 77, 80–81, 98 L.R.R.M. 3077 (3d Cir. 1978). (Citation omitted.)

■ Where a union sues on behalf of represented employees, the judgment entered in that suit acts as a bar to litigation brought by the represented employees themselves at a later time, if, of course, the same cause of action is asserted. *Acree v. Air Line Pilots Assoc.*, 390 F.2d 199 (5th Cir.), *cert. denied*, 393 U.S. 852, 89 S.Ct. 88, 21 L.Ed.2d 122 (1968).

■ Should there be a difference when the union is suing on behalf of retirees whose benefits it bargained for and obtained? This court thinks that there should be *no difference*. A union has standing to compel arbitration under § 301 of issues involving bargained-for rights on behalf of retirees. *United Steelworkers of America v. Canron, Inc., supra.* Implicit in this decision is the necessary predicate that the retirees on whose behalf the union seeks arbitration are represented by that union under § 301. It should make no difference in this case that the parties agreed to submit the merits of their dispute to the court rather than the arbitrator. The interests of the retirees are represented by the Union in either event. The rights asserted arose out of a contract bargained for by the Union. This action is, in effect then, a class action by the retired employees of defendant's closed facility.

Support for this conclusion is found in F.R.C.P. 23 itself, the rule governing class actions. Reference to that Rule demonstrates that the substance of all of its requirements are met, and that no procedural protections afforded by that Rule are omitted in a § 301 suit such as this.

Rule 23(a) sets forth four prerequisites for maintenance of a class action:

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

It is clear that the first three requirements of Rule 23(a) are satisfied as to the suit brought by the Union. The class of retirees numbers approximately 78, and the court has been informed that some of the retirees no longer reside in this jurisdiction. The claims of the retirees are to insurance benefits under the collective bargaining agreement, and there are thus questions of law and fact common to all retirees. As to the fourth requirement, Congress has indicated in 29 U.S.C. § 185(b) that labor organizations are proper representatives to assert the rights of their members. The fact that the named party is the Union rather than "one or more members of a class" should not prevent this action from proceeding. The Union in this case is seeking to enforce what it claims are contractually bargained-for rights. These rights have been asserted vigorously by plaintiff, and plaintiff's counsel have demonstrated that they are qualified, experienced, and well able to conduct this litigation.

Subsection (b) of Rule 23 describes the type of class actions maintainable. This action, seeking to compel the defendant to continue to pay the cost of health insurance benefits for retirees, would be either a (b)(1)(A) class or a (b)(2) class:

An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, * * * or

(2) the party opposing the class has acted or refused to act on grounds gen-

erally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole;
* * *

See, Laskey v. United Automobile Workers, supra, 638 F.2d at 956–57, indicating that this type of action would be a (b)(2) action. In either event, however, notice to the class would not be required. Id.

Thus, it is clear that conversion of this action to a class action under Rule 23 would result in no fundamental change in this case and would afford the retirees no additional procedural protections but would delay the prosecution of the case.

In summary, the court holds that plaintiff Union is suing on behalf of all retired employees, represents the interests of those individuals in this action, and has standing to bring this suit. Additionally, the court holds that the requirements of Rule 23 are satisfied in this case by virtue of the Union's representative suit. The various class members are in court in the same way they would be in court had the action been started as a class action or had each retiree been formally named as a plaintiff. Accordingly, defendant's motion to dismiss this action for the Union's failure to join the retirees as parties plaintiff is denied.

So ordered.