JIMMIE RHODES, Plaintiff-Appellee, v. ST. CHARLES MANUFACTUR-ING COMPANY, Defendant-Appellant.

Second District    No. 2—85—0475

Opinion filed November 20, 1986.

Larry J. Chilton and Stephen J. Friedman, both of Stevenson, Rusin & Friedman, Ltd., of Chicago, for appellant.

John J. Hoscheit, of Clancy & McGuirk, P.C., of St. Charles, for appellee.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Defendant, St. Charles Manufacturing Company, appeals from a judgment for $1,064 entered in favor of plaintiff, Jimmie Rhodes, in a

small claims action. Defendant contends that (1) a prior decision of an Industrial Commission arbitrator was *res judicata*, (2) the exclusive remedy provisions of the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.1 *et seq.*) barred this action, and (3) the employee medical-benefit contract under which plaintiff brought this action does not cover medical costs arising out of plaintiff's employment.

In February 1981, plaintiff fell from a ladder while engaged in his employment by defendant and injured his back. In September 1982, he filed a claim for medical expenses under the Workers' Compensation Act in which plaintiff sought recovery for his injury and medical costs, including invoices for chiropractic treatments by Dr. Bryce Staker in the sum of $1,135. Plaintiff and defendant stipulated before the arbitrator that the injuries were work related, and plaintiff was awarded $3,050.70 as compensation and $120 for necessary medical services. The arbitrator rejected plaintiff's claim for Dr. Staker's chiropractic services for treatments of plaintiff between August 12, 1982, and November 1, 1983, finding that they were not necessary to relieve plaintiff's condition. The arbitrator did allow recovery for eight chiropractic treatments of plaintiff by Dr. Staker in the period from June 11, 1982, to August 17, 1982. No review of the arbitrator's decision was sought.

In March 1984, plaintiff filed a claim with defendant under the company employee medical benefit plan for the unpaid portion of the chiropractic treatments. His claim was denied when defendant's benefits review committee determined it represented the same claims submitted to and denied by the Industrial Commission as unnecessary.

In August 1984, plaintiff brought the present small claims action against defendant in circuit court for recovery of $1,064, representing the unpaid portion of Dr. Staker's chiropractic invoices and premised upon defendant's employee medical benefit plan.

In the trial of this matter, defendant testified that the ladder accident on February 21, 1981, during his employment, caused the injury to his back. He also testified that he had aggravated that injury in 1983 while moving his mother's belongings and received chiropractic treatment from Dr. Staker for the second injury. Plaintiff also testified that the invoices for which recovery was sought in this action were the same as those submitted to the arbitrator and that he had never told Dr. Staker of the reinjury to his back outside of his employment.

Michael Buick, a claims administrator for defendant, testified he did not consider plaintiff's aggravation of the work-related injury

when he recommended plaintiff's claim under defendant's health plan be rejected. He stated that if the second injury had occurred outside the workplace, as claimed by plaintiff, the group benefit plan would normally cover plaintiff's chiropractic bills.

The trial court subsequently determined that the exclusions of the employee medical benefit plan were inapplicable and entered judgment for plaintiff of $1,064 and costs of suit. This appeal followed.

■■■ We consider first whether the decision of the arbitrator as to the chiropractic bills in question is *res judicata*. That doctrine provides that a final judgment by a court of competent jurisdiction on the merits is conclusive of the rights of the parties and their privies and a bar to a subsequent action for the same claim. (*Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 256, 461 N.E.2d 959.) *Res judicata* is a judicially created doctrine designed to protect litigants from the burden of retrying the same issue with the same party and to assist judicial economy by prohibiting successive litigations. (*Spiller v. Continental Tube Co.* (1983), 95 Ill. 2d 423, 432, 447 N.E.2d 834.) It does not matter that different types of relief or different damages are sought, so long as a single group of operative facts gives rise to the successive assertions for relief. (*Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 124, 382 N.E.2d 1217.) The doctrine of *res judicata* applies to decisions of the Industrial Commission where the issues and parties are identical. See *Hughey v. Industrial Com.* (1979), 76 Ill. 2d 577, 580, 394 N.E.2d 1164; *Godare v. Sterling Steel Casting Co.* (1981), 103 Ill. App. 3d 46, 51, 430 N.E.2d 620, *appeal denied* (1982), 91 Ill. 2d 552.

It is undisputed that plaintiff sought recovery for the same chiropractic treatments before the arbitrator as he seeks to recover in this common law action premised upon the company health benefits plan. In the first case plaintiff asserted the bills were for work-related injuries, while he now argues that they were incurred for a subsequent injury sustained out of his work place.

The arbitrator rejected these bills, finding that the medical services for which they were incurred were not necessary and thus not compensable under the Workers' Compensation Act. In the present case, the medical benefits contract upon which plaintiff bases his claim also excludes compensation for "services or supplies not incidental or necessary to treatment of injury or sickness."

■■ We conclude that *res judicata* applies barring the present action. The arbitrator was aware of the second injury to plaintiff, which was alleged to have aggravated the work-related injury, but found some of the treatments to be unnecessary and rejected that

portion of plaintiff's claim. We find that decision to control the issue between these parties raised in this case.

As the issue discussed is dispositive, we do not consider the other matters raised in the appeal.

Accordingly, the judgment of the circuit court is reversed.

Reversed.

LINDBERG and STROUSE, JJ., concur.