## YORK v WAYNE COUNTY SHERIFF

Docket Nos. 84172, 84720. Submitted April 10, 1986, at Detroit. Decided February 2, 1987. Leave to appeal applied for.

Jerome W. York, Jr., for himself and as the representative of a class of those similarly situated, brought an action in the Wayne Circuit Court seeking to recover unpaid wages allegedly owed them by the defendants, the Wayne County Sheriff and Wayne County. The trial court, Harvey W. Moes, J., granted the county's motion for an accelerated judgment based on res judicata grounds. The court also denied the sheriff's motions for accelerated and summary judgment based on the same grounds. Plaintiffs appeal as of right from the order granting the accelerated judgment and the sheriff appeals by leave granted from the order denying his motions. The appeals were consolidated by the Court of Appeals. The application of the doctrine of res judicata in this action was based on a prior action for back pay brought by the plaintiffs' union against the defendants.

The Court of Appeals *held:*

1. All three prerequisites for proper application of the res judicata doctrine are present as to the defendant county. The trial court properly granted the county's motion for accelerated judgment.

2. All three prerequisites for proper application of the res judicata doctrine are present as to the defendant sheriff. The trial court erred in denying the defendant sheriff's motion for accelerated judgment.

Affirmed in part and reversed in part.

1. JUDGMENTS — RES JUDICATA.

The doctrine of res judicata provides that where two parties have fully litigated a particular claim and a final judgment has resulted, that claim may not be relitigated by either party; Michigan courts apply the doctrine broadly so as to bar not only those claims that were litigated, but also those claims

REFERENCES

Am Jur 2d, Judgments §§ 404 *et seq.;* 524-528, 538 *et seq.*

See the annotations in the Index to Annotations under Res Judicata.

arising out of the same transaction which a plaintiff could have brought, but did not.

2. JUDGMENTS — RES JUDICATA.

There are three prerequisites for a prior judgment to constitute a bar in a subsequent action: (1) the former action must have been decided on the merits; (2) the same matter contested in the second action must have been decided in the first; and (3) the two actions must be between the same parties or privies.

3. JUDGMENTS — RES JUDICATA.

The test for determining whether a second suit is for the same cause of action as an earlier one, for purposes of application of res judicata, is whether the same facts or evidence would sustain both actions.

4. JUDGMENTS — RES JUDICATA.

A judgment for or against a person who brings an action or is sued in his individual right is not operative under the doctrine of res judicata in a subsequent action brought by or against the same person in a representative capacity; a judgment in an action in which one of the parties appears in a representative capacity is not operative under the doctrine of res judicata in a subsequent action involving the same party in his individual right; but these general rules are not applicable where a party to one action in his individual capacity and to another action in his representative capacity is in each case asserting or protecting his individual rights.

5. JUDGMENTS — RES JUDICATA — PARTIES.

The phrase "same parties" for purposes of the doctrine of res judicata means "adversarial parties"; adverse parties are defined as those who, by the pleadings, are arrayed on opposite sides; the basic test as to whether parties were adverse parties in a former action is to determine if the parties had a controversy among themselves.

*Craig, Farber, Downs & Dise, P.C.* (by *Roger E. Craig*), for plaintiffs.

*Riley & Roumell* (by *George T. Roumell, Jr.*), for the Wayne County Sheriff.

*John D. O'Hair,* Corporation Counsel, and *James W. Quigly,* Assistant Corporation Counsel, for Wayne County.

Before: BEASLEY, P.J., and D. E. HOLBROOK, JR., and D. L. SULLIVAN,* JJ.

BEASLEY, P.J. On June 7, 1982, Jerome W. York, Jr., for himself and as the representative of a class of those similarly situated, filed this suit seeking to recover unpaid wages allegedly owed them by defendants, the Wayne County Sheriff and Wayne County. Plaintiffs are all individual members of the deputy sheriffs' union and are employed as deputy sheriffs by defendants. Both defendants moved for accelerated judgment under GCR 1963, 116.1(5) and for summary judgment under GCR 1963, 117.2(3). The trial judge granted defendant Wayne County's motion for accelerated judgment based on res judicata grounds. Plaintiffs appeal therefrom as of right. The trial judge also denied defendant Wayne County Sheriff's motions for accelerated and summary judgment. Defendant Wayne County Sheriff appeals therefrom by leave granted.

The factual situation in this matter is not in serious dispute. In November, 1980, the Wayne County Board of Commissioners decided to eliminate the Wayne County Sheriff's Patrol and Investigation Division. In January, 1981, plaintiffs' union filed suit to enjoin Wayne County from eliminating the P & I Division and laying off any of its members such as plaintiff York. On January 31, 1981, the trial judge denied the union injunctive relief and upheld the Board's right to eliminate the P & I Division and to lay off the deputy sheriffs.

On February 17, 1981, plaintiffs' union filed a new lawsuit against various defendants, which included Wayne County and the Wayne County Sheriff, seeking unpaid wages for its members who

* Circuit judge, sitting on the Court of Appeals by assignment.

had continued working in the P & I Division beyond February 1, 1981. The union alleged that the county's refusal to pay its members violated the collective bargaining agreement between the parties and the wages and fringe benefits act.[1] Evidence presented at the hearings held in this matter revealed that there had been a great deal of confusion concerning which of the union's members had been laid off and which employees should be paid after February 1, 1981. On March 18, 1981, the trial judge, noting this confusion, issued an interim order directing Wayne County to pay those individuals who had worked in the P & I Division for the period from February 1, 1981, through March 18, 1981. The order also directed Wayne County to advise each employee who was to be laid off that "beginning the next working day after receipt of this notice, you work at your own peril without assurance of being paid."

On March 20, 1981, Wayne County delivered paychecks to the members of plaintiffs' union who were laid off (the plaintiffs involved in this appeal). A copy of the trial judge's interim order, a notice of layoff and the warning required by the interim order were attached to each paycheck. On March 31, 1981, defendant sheriff issued an order directing plaintiffs to continue working, under threat of disciplinary action, until further notice. Plaintiffs did continue to work after March 31, 1981. Defendant county refused to pay plaintiffs for any services rendered after March 20, 1981, and, on May 12, 1981, plaintiffs' union filed an amended complaint extending the claims of its members for unpaid wages to services they had rendered after March 20, 1981.

A hearing was held on May 21, 1981, and coun-

---

[1] MCL 408.471 *et seq.;* MSA 17.277(1) *et seq.*

sel for plaintiffs' union argued for payment of wages to those plaintiffs who had been working without pay since the court's interim order. The trial judge expressly found that plaintiffs were not entitled to be paid for services rendered after the date of the interim order, since they had been laid off. On October 23, 1981, the trial judge entered a judgment denying, with prejudice, plaintiffs' union's claim for its members' unpaid wages related to services rendered after March 20, 1981.

The individual plaintiffs then commenced this action, seeking unpaid wages for services they had provided defendants from March 20, 1981, through September 11, 1981. Plaintiffs herein assert various new theories of liability to support their claim against defendants for unpaid wages (i.e., quantum meruit, 42 USC 1983). As noted above, the trial judge in this matter, who was also the trial judge in the action brought by plaintiffs' union, found that plaintiffs were barred, under the doctrine of res judicata, from asserting their new claims for unpaid wages against defendant county. However, the trial judge denied defendant sheriff's motion for accelerated judgment based on res judicata grounds, since he found that defendant sheriff had, in reality, been aligned with plaintiffs' union in the previous action in arguing that defendant county was required to pay wages to the union's members. The trial judge appeared to conclude that since the individual liability of defendant sheriff had never actually been litigated in the prior action, the application of the res judicata doctrine was inappropriate in this action.

On appeal, plaintiffs argue that the trial judge erred in finding that they were barred, under the doctrine of res judicata, from asserting their claims for unpaid wages against defendant county, since their cause of action for back pay had previ-

ously been litigated. Defendant sheriff, on appeal, argues that the trial judge erred in finding that plaintiffs were not barred, under the doctrine of res judicata, from asserting their claims for unpaid wages against him individually.

This Court has clearly set forth the elements necessary for the proper application of the doctrine of res judicata, namely, that where two parties have fully litigated a particular claim and a final judgment has resulted, that claim may not be relitigated by either party. There are three prerequisites for a prior judgment to constitute a bar in a subsequent action: (1) the former action must have been decided on the merits; (2) the same matter contested in the second action must have been decided in the first; and (3) the two actions must be between the same parties or privies.[2] It is also important to note that Michigan courts apply the doctrine of res judicata broadly so as to bar not only those claims that were litigated, but also those claims arising out of the same transaction which a plaintiff could have brought, but did not.[3]

Neither party contests the fact that the former action brought by plaintiffs' union seeking unpaid wages for plaintiffs was decided on the merits. Thus, the first prerequisite for proper application of the doctrine of res judicata is met in this case.

However, plaintiffs argue that the same matter contested in this action was not decided in the former action brought by plaintiffs' union. Plaintiffs base their argument on the fact that their claim for unpaid wages in this action involves new theories of liability not addressed by the trial

[2] *Michigan Oil Co v Dep't of Natural Resources,* 148 Mich App 745; 348 NW2d 777 (1985).

[3] *Id.; Gose v Monroe Auto Equipment Co,* 409 Mich 147, 160; 294 NW2d 165 (1980).

judge in the former action. Plaintiffs' argument on this point is without merit. This Court has clearly stated the test for determining the identity of claims under the doctrine of res judicata:

> "In the application of the doctrine of res judicata, if it is doubtful whether a second action is for the same cause of action as the first, the test generally applied is to consider the identity of facts essential to their maintenance, or whether the same evidence would sustain both. If the same facts or evidence would sustain both, the two actions are considered the same within the rule that the judgment in the former is a bar to the subsequent action. If, however, the two actions rest upon different states of facts, or if different proofs would be required to sustain the two actions, a judgment in one is no bar to the maintenance of the other."[4]

Applying this test to the instant case, we conclude that plaintiffs have raised the same cause of action as was involved in the former action brought by their union. Although plaintiffs raise new theories of liability in this action, proof of the same facts or evidence as required to sustain the previous action is necessary in this action. The union's former action and all of plaintiffs' new theories of liability in this action are based on defendant county's refusal to pay plaintiffs' wages for services rendered after March 20, 1981, pursuant to defendant sheriff's order requiring plaintiffs to continue working. Since this same core of facts gives rise to both the former action brought by plaintiffs' union to recover unpaid wages for plaintiffs and plaintiffs' current action seeking unpaid wages, we conclude that the second prerequisite for a proper application of the doctrine of res

---

4 *Detroit v Nortown Theatre,* 116 Mich App 386, 393; 323 NW2d 411 (1982), quoting 30A Am Jur, Judgments, § 365, pp 407-408.

judicata is met in this case. The broad application of the res judicata doctrine leads us to this conclusion, since all the claims for plaintiffs' unpaid wages arise out of the same transaction and should have been raised by plaintiffs' union in the former action.

Plaintiffs go on to argue that even if the first two tests necessary for proper application of the res judicata doctrine are met, res judicata does not apply in this case since the two actions were not between the same parties or privies. First, in making their assertion that the trial judge erred in finding that res judicata barred their action against defendant county, plaintiffs argue that the parties were not the same in the former action since plaintiffs' union brought that action in its representative capacity on behalf of plaintiffs. Plaintiffs' argument is without merit.

In *Howell v Vito's Trucking & Excavating Co*,[5] the Michigan Supreme Court, quoting 46 Am Jur 2d, Judgments, § 525, p 678, stated the general rule concerning the application of res judicata, where one action is brought in a representative capacity and another action is brought in a party's individual right:

> "Where a person brings an action or is sued in his individual right, a judgment rendered for or against him is not operative under the doctrine of res judicata in a subsequent action brought by or against the same person in a representative capacity. Similarly, a judgment rendered in an action in which one of the parties appears in a representative capacity is not operative under the doctrine of res judicata in a subsequent action involving the same party in his individual right. *These rules have been denied application, however, where a party to one action in his individual capacity and*

[5] 386 Mich 37, 45; 191 NW2d 313 (1971).

> *to another action in his representative capacity is in each case asserting or protecting his individual rights.*"

The within case presents a situation where the general rule is properly denied application and the doctrine of res judicata is operative. Courts have consistently held that where a union sues on behalf of represented employees the judgment entered in that suit acts as a bar to litigation brought by an individual represented employee at a later time, if the same cause of action is asserted and if the employees' individual interests were represented in the first action.[6] As previously noted, plaintiffs herein are asserting the same cause of action which was asserted by their union in the prior action for unpaid wages. Furthermore, plaintiffs' union was clearly pursuing plaintiffs' individual interests in the former action by seeking compensation for the time they had worked after being laid off. Plaintiffs' union was not seeking to vindicate any collective or strictly union right.

Based on these propositions, we believe that in both the former action brought by plaintiffs' union and in the present action, plaintiffs were asserting their individual rights. Therefore, we conclude that plaintiffs' union's representation of their individual interests in the former action renders plaintiffs the same parties for res judicata purposes. Since we find that all three prerequisites for proper application of the res judicata doctrine are

---

[6] See *Senior Accountants, Analysts & Appraisers Ass'n v Detroit,* 60 Mich App 606; 231 NW2d 479 (1975), aff'd 399 Mich 449; 249 NW2d 121 (1976) (individual members of labor organization and labor organization itself are the same parties for purposes of collateral estoppel); *Acree v Air Line Pilots Ass'n,* 390 F2d 199 (CA 5, 1968); *International Union, United Automobile, Aerospace & Agricultural Implement Workers of America, UAW v Acme Precision Products,* 515 F Supp 537 (ED Mich, 1981).

present as to defendant county, we hold that the trial judge was correct in granting defendant county's motion for accelerated judgment in this matter.

Last, on appeal, defendant Wayne County Sheriff asserts that the trial judge erred in finding that he was not an adverse party in the former action brought by plaintiffs' union for purposes of res judicata. In making this assertion, defendant sheriff points to the fact that he was a named defendant in the former action and argues that plaintiffs should have been required to raise their claims against him for unpaid wages in the former action. Plaintiffs counter by arguing, as the trial judge found, that defendant sheriff was, in reality, aligned with plaintiffs in the former action, since he desired defendant county to pay plaintiffs for the work they had performed pursuant to his order subsequent to the layoff. Plaintiffs argue that, in determining whether the two actions are between the same parties, a court must look behind the array of parties in the formal pleadings and determine whether the parties were actually adversaries in the former action.

In addressing this issue, we first note that this Court has held that the phrase "same parties" for purposes of res judicata means "adversarial parties."[7] In *Gomber v Dutch Maid Dairy*,[8] adverse parties are defined as those who, by the pleadings, are arrayed on opposite sides. Thus, since in the former action plaintiffs and defendant sheriff were aligned on opposite sides in the pleadings, it appears that they are the "same parties" for purposes of res judicata.

[7] *Eyde v Meridian Charter Twp*, 118 Mich App 43, 52; 324 NW2d 775 (1982), lv den 417 Mich 1004 (1983).

[8] 42 Mich App 505, 511; 202 NW2d 566 (1972), lv den 389 Mich 752 (1972).

However, even if we accept plaintiffs' argument that a court should look behind the formal pleadings in determining whether the parties were adverse parties in the former action, it does not provide them with relief from the operation of res judicata in their present claim against defendant sheriff. The *Gomber* Court, *supra,* indicated that the basic test as to whether parties were adverse parties in a former action is to determine if the parties had a controversy among themselves. Although the issue of defendant sheriff's individual liability for plaintiffs' unpaid wages was not actually litigated in the former action, a controversy certainly existed between them. Defendant sheriff's order for plaintiffs to continue working after the layoff notice or face disciplinary action certainly created a controversy between the parties which plaintiffs should have pursued in the former action seeking unpaid wages.

The fact that defendant sheriff logically desired defendant Wayne County to pay the plaintiffs who worked after the layoff pursuant to his order did not eliminate the obvious controversy between plaintiffs and defendant sheriff in the former action. The existence of this controversy between the parties in the former action, combined with the fact that defendant sheriff was formally named as a defendant in the former action, leads us to conclude that the parties were adverse parties in the former action. Thus, we find that the present action against defendant sheriff is between the same parties as were involved in the former action for purposes of the doctrine of res judicata. Since all three of the prerequisites for proper application of the doctrine of res judicata are met as to defendant sheriff, the trial judge erred in denying defendant sheriff's motion for accelerated judgment in this matter. Plaintiffs' action against de-

fendant sheriff is barred under the doctrine of res judicata and is, therefore, dismissed.

Affirmed in part and reversed in part.