RICKY D. DAVIS, Plaintiff-Appellant, v. DONALD C. LOWERY, Defendant-Appellee.

Fifth District   No. 5—91—0016

Opinion filed May 19, 1992.

Ray Fehrenbacher, of Fehrenbacher Law Offices, of Olney, for appellant.

Michael D. McHaney, of Costa, McHaney & Gamber, of Mt. Vernon, for appellee.

PRESIDING JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Ricky D. Davis, appeals from an order of the circuit court of Jefferson County granting a motion for involuntary dismissal filed by defendant, Donald C. Lowery. In this cause, defendant raises the issue whether the doctrine of *res judicata* operates to preclude a third-party defendant who, in a previous action, failed to file a counterclaim against the defendant from later filing a separate suit against the defendant. We reverse and remand.

The facts of this case are straightforward. On July 25, 1985, plaintiff was driving a pickup truck owned by his father, Henry Davis, and pulling a horse trailer which plaintiff himself owned. Plaintiff was traveling south on Illinois Route 37 behind defendant. Plaintiff pulled into the left lane to pass defendant. While in the process of legally passing defendant, defendant attempted to make a left turn and struck the horse trailer. On March 6, 1986, Henry Davis filed suit against defendant, Donald C. Lowery, to recover damages to his truck sustained in the accident. In that cause, captioned No. 86—LM—26, the defendant, Lowery, filed a third-party complaint against plaintiff herein, Ricky D. Davis. A bench trial was held on April 1, 1987. The trial court ruled in favor of the plaintiff, Henry Davis, for full recovery of the stipulated damages to the plaintiff's pickup truck. The record is void as to the outcome of Lowery's third-party complaint against plaintiff herein.

Plaintiff filed the present action against defendant on July 20, 1990, to recover damages to his horse trailer sustained in the 1986 accident. Defendant filed a motion for involuntary dismissal pursuant to section 2—619 of the Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(4)), alleging that plaintiff was barred from bringing the instant action under the doctrine of *res judicata* because No. 86—LM—26 involved identical parties, identical facts, and identical theories of liability. Defendant asserted that plaintiff should have filed a counterclaim in No. 86—LM—26. The trial court granted defendant's motion. Plaintiff appeals from that order.

Does the doctrine of *res judicata* preclude a third-party defendant in a previous action who failed to file a counterclaim against the

defendant in the previous litigation from later filing a separate suit against the defendant? Plaintiff argues that the doctrine of *res judicata* is inapplicable here because he has a separate cause of action from his father, who filed the first suit. Plaintiff's father sought recovery for damages to his truck caused by defendant's negligence whereas plaintiff seeks damages to his horse trailer allegedly caused by defendant's negligence. Plaintiff insists that even though he might have proceeded against defendant by filing a counterclaim in the initial proceeding, he had the right to wait to assert his claim and bring it as an independent action. We agree.

■ Section 2—608 of the Code deals with counterclaims. It states, in pertinent part:

> "§2—608. Counterclaims. (a) Any claim by one or more defendants against one or more plaintiffs, or against one or more codefendants, whether in the nature of setoff, recoupment, cross claim or otherwise, and whether in tort or contract, for liquidated or unliquidated damages, or for other relief, *may* be pleaded as a cross claim in any action, and when so pleaded shall be called a counterclaim." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 110, par. 2—608(a).)

The word "may" in the statute indicates an election is available to defendant. (*Miller v. Bank of Pecatonica* (1980), 83 Ill. App. 3d 424, 427, 403 N.E.2d 1262, 1264; *Stoner v. Stoner* (1953), 351 Ill. App. 304, 115 N.E.2d 103.) Therefore, counterclaims in Illinois are permissive rather than mandatory, and this statute does not require that a defendant immediately assert his rights by counterclaim. Ill. Ann. Stat., ch. 110, par. 2—608, Historical and Practice Notes, at 183 (Smith-Hurd 1983).

■ Defendant contends, however, and the trial court agreed, that plaintiff is barred from asserting his claim because of the doctrine of *res judicata*. Plaintiff responds that he is not barred because his cause of action is not identical to his father's. We agree with plaintiff.

> "The doctrine of *res judicata* provides that 'a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the *same* claim, demand or cause of action.' " (Emphasis in original.) (*Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 251, 461 N.E.2d 959, 961-62, quoting *People v. Kidd* (1947), 398 Ill. 405, 408, 75 N.E.2d 851, 853.)

*Res judicata* requires that in both cases there be three identical elements, namely, the cause of action, the subject matter, and the parties,

or those privy to them. (*Miller v. Bank of Pecatonica* (1980), 83 Ill. App. 3d 424, 427, 403 N.E.2d 1262, 1265.) The present suit is not identical to No. 86—LM—26 for two reasons; first, while both cases are actions in negligence brought to recover damages caused in the same accident, the subject matter of No. 86—LM—26 was a pickup truck, whereas the subject matter of the present case is a horse trailer; second, the plaintiffs in both cases are different. The cases cited by defendant to support his position all concern a single plaintiff and a single defendant attempting to relitigate the same suit. For example, in *Rhodes v. St. Charles Manufacturing Co.* (1986), 149 Ill. App. 3d 821, 500 N.E.2d 1107, the plaintiff, an employee of the defendant, brought an action to recover the health benefits for chiropractic services he received. In the first suit, brought under the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.1 *et seq.*), the plaintiff was awarded some compensation for chiropractic services and denied others after the parties submitted the case to arbitration. In the second suit, a small claims action, the same plaintiff attempted to recover the chiropractic claims denied by the arbitrator. The *Rhodes* court found that the doctrine of *res judicata* was applicable and that the decision of the arbitrator in the first case barred the second suit. (*Rhodes*, 149 Ill. App. 3d at 823-24, 500 N.E.2d at 1109.) *Rhodes* is clearly distinguishable from the instant case, as are the other cases cited by defendant.

In the instant case we are faced with a plaintiff who was third-partied into the first suit by defendant. The first suit was brought by plaintiff's father to recover damages inflicted upon his truck. While it certainly would have made sense for plaintiff herein to have filed a counterclaim against defendant in the first suit, especially in light of our State's policy favoring judicial economy, we cannot bar him from electing to file suit later. Under the facts of the present case, we find that the doctrine of *res judicata* does not preclude plaintiff, a third-party defendant in a previous action who failed to file a counterclaim against defendant in the previous litigation, from filing this separate suit to recover damages allegedly caused by defendant.

For the foregoing reasons, the order of the circuit court of Jefferson County is reversed and the cause remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

RARICK and CHAPMAN, JJ., concur.