**Kathy CARVER and Fred H. Kientzle, Plaintiffs,**

v.

**Sheriff Robert NALL, In his individual and official capacity; Chief Deputy Jon McCoy, in his individual and official capacity; Kelly Deaver, Chairman of the Adams County Merit Commission, in his individual and official capacity; Joe Haubrich, Vice–Chairman of the Adams County Merit Commission, in his individual and official capacity; Scott Tutt, Secretary of the Adams County Merit Commission, in his individual and official capacity; William Phillips, Board**

---

Member of the Adams County Merit Commission, in his and official capacity, Ron Sparks, Board Member of the Adams County Merit Commission, in his individual and official capacity, Defendants.

No. 96–3216.

United States District Court,
C.D. Illinois,
Springfield Division.

Dec. 5, 1997.

Patrick J. Londrigan, Springfield, IL, for Defendants.

Richard D. Frazier, Springfield, IL, for Plaintiffs.

### *OPINION*

MILLS, District Judge.

A settlement agreement was reached in a suit before the Illinois State Labor Relations Board.

Does *res judicata* bar this federal suit?

Yes.

### I. FACTS ALLEGED IN THE COMPLAINT

Plaintiffs allege that Defendants suspended them in violation of their Fourteenth Amendment right to procedural due process. At the time of their suspension, Plaintiffs were Deputy Sheriffs for Adams County, Illinois. Defendants suspended Plaintiff Kathy Carver without pay for ten working days.

Defendants suspended Plaintiff Fred H. Kientzle without pay for three working days. Neither Plaintiff received a pre-suspension hearing, nor were they given an opportunity to respond to the allegations made against them. Although both Plaintiffs asked for a post-suspension hearing, neither, was granted one. Accordingly, Plaintiffs allege that Defendants violated their Fourteenth Amendment procedural due process rights.

### II. STANDARD OF REVIEW

 Federal Rule of Civil Procedure 12(c) allows for the filing of a motion for judgment on the pleadings at any time after the pleadings are closed. Rule 12(c) may be used in two ways. First, Rule 12(c) may be used "after the close of the pleadings to raise various rule 12(b) defenses regarding procedural defects, in which case courts apply the same standard applicable to the corresponding 12(b) motion." *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir.1993); *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir.1989). Thus, all well-pleaded allegations of the complaint are accepted as true, and all reasonable inferences are drawn in favor of the non-moving party. *Travel All Over The World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1429 (7th Cir.1996). "Dismissal is proper only where it appears beyond a doubt that the plaintiffs can prove no set of facts in support of their claims that would entitle them to relief." *Id.* at 1429–30.

 Second, Rule 12(c) may be used to dispose of the case based upon the underlying substantive merits. *Alexander*, 994 F.2d at 336. For this second use, "the appropriate standard is that applicable to summary judgment, except that the court may consider only the contents of the pleadings."[1] *Id.* All of the non-moving party's well-pleaded allegations are taken as true, and all facts and inferences are viewed in the light most favorable to the non-moving party. *Id.; Republic Steel Corp. v. Pennsylvania Eng'g Corp.*, 785 F.2d 174, 177 n. 2 (7th Cir.1986).

---

**1.** However, the Court may consider documents which have been incorporated into the pleadings by reference and may take judicial notice of matters which are a matter of public record.

*United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir.1991); *Henson v. CSC Credit Serv.*, 29 F.3d 280, 284 (7th Cir.1994).

■ Therefore, judgment on the pleadings will not be granted unless "no genuine issues of material fact remain to be resolved and unless the [moving party] is entitled to judgment as a matter of law." *Alexander,* 994 F.2d at 336; *National Fidelity Life Ins. Co. v. Karaganis,* 811 F.2d 357, 358 (7th Cir.1987). "For purposes of determining whether a material issue of fact exists, uncontested allegations to which a party had an opportunity to respond are taken as true." *Flora v. Home Federal Savings and Loan Ass'n,* 685 F.2d 209, 211 (7th Cir.1932).

## III. ANALYSIS

Defendants assert that in addition to the above-captioned case, a complaint was filed with the Illinois State Labor Relation; Board, case number S–CA–96–132, against Defendant Sheriff Robert Nall. Defendants claim that the suit before the Illinois State Labor Relations Board was based upon the same facts and events which gave rise to the instant suit. Recently, a settlement agreement was reached in the case before the Illinois State Labor Relations Board whereby Plaintiff Kientzle received three days worth of back pay and his three day suspension was removed from his personnel file. Likewise, pursuant to the settlement agreement, Plaintiff Carver's ten day suspension was reduced to three days for the use of inappropriate language, and she received ten days worth of back pay. Also contained within the settlement agreement was a paragraph whereby Plaintiffs expressly waived any and all other claims arising from these disciplinary proceedings.

2. The Court digresses here briefly to note that although Defendants' counsel correctly asserted that the above-captioned case is barred by the doctrine of *res judicata,* neither his motion nor his three and a half page memorandum of law in support thereof shed any light on why this is so. In fact, Defendants' counsel dedicated only a single page in his memorandum to the issue of *res judicata.* Furthermore, in this one page analysis, Defendants' counsel failed to cite either the essential elements which must be established in order to assert *res judicata* or the Illinois Supreme Court case which set forth those elements even though Defendants had the burden of establishing those elements. Such a memorandum is unhelpful to the Court and required the Court to do virtually all, of the legal research on this

Accordingly, Defendants tender two arguments in support of their motion for judgment on the pleadings. First, Defendants argue that Plaintiffs' cause of action in the present case is barred by the doctrines of issue and/or claim preclusion. Second, Defendants assert that Plaintiffs' claims are barred by the release contained within the settlement agreement reached in the matter before the Illinois State Labor Relations Board.[2]

### A. *ISSUE AND CLAIM PRECLUSION*[3]

■ The Full Faith and Credit Act provides that the "judicial proceedings" of any State "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State." 28 U.S.C. § 1738. The United States Supreme Court has held that the Full Faith and Credit Act "directs all courts to treat a state court judgment with the same respect that it would receive in the courts of the rendering state." *Matsushita Elec. Indus. Co., Ltd.,* 516 U.S. 367, 371, 116 S.Ct. 873, 877, 134 L.Ed.2d 6 (1996). In addition, federal courts must accept the state's rules which issued the judgment for determining the effect of the judgment. *Id.,* quoting *Kremer v. Chem. Constr. Corp.,* 456 U.S. 461, 481–82, 102 S.Ct. 1883, 1897–98, 72 L.Ed.2d 262 (1982). "The fact that a judgment incorporates the results of a settlement, rather than being the result of full litigation on the merits, makes no difference for the application of § 1738." *Majeske v. Fraternal Order*

matter. However, despite Defendants' counsel's lack-luster motion and memorandum, his assertion that *res judicata* bars the instant case is correct.

3. *Res judicata* or claim preclusion refers to "the preclusive effect of a judgment in foreclosing litigation of matters that were or could have been raised in an earlier suit." *Kirk v. Bd. of Educ. of Bremen Community High Sch. Dist., No. 228, Cook County, Illinois,* 811 F.2d 347, 351 n. 7 (7th Cir.1987). Collateral estoppel or issue preclusion "refers to the effect of a judgment in foreclosing relitigation in a subsequent action of an issue of law or fact that has been actually litigated and decided in the initial action." *Id.*

*of Police, Lodge No. 7,* 94 F.3d 307, 312 (7th Cir.1996). Finally, the Full Faith and Credit Act may apply even if the state court judgment works to bar litigation of an exclusively federal claim. *Id.; Marrese v. Am. Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S.Ct. 1327, 1331, 84 L.Ed.2d 274 (1985).

Accordingly, the Court must apply Illinois' *res judicata* rules in the case at bar. In Illinois, for the doctrine of *res judicata* to bar subsequent actions, three essential elements must be established: "(1) there must be a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of causes of action; and (3) an identity of parties or their privies." *Leow v. A & B Freight Line, Inc.,* 175 Ill.2d 176, 180, 222 Ill.Dec. 80, 81–82, 676 N.E.2d 1284, 1285–86 (1997); *People ex rel. Burris v. Progressive Land Developers, Inc.,* 151 Ill.2d 285, 294, 176 Ill.Dec. 874, 879, 602 N.E.2d 820, 825 (1992). The party asserting the applicability of *res judicata* has the burden of establishing each of these elements. *Rooding v. Peters,* 92 F.3d 578, 580 (7th Cir.1996); *Torcasso v. Standard Outdoor Sales, Inc.,* 157 Ill.2d 484, 491, 193 Ill.Dec. 192, 195–96, 626 N.E.2d 225, 228–29 (1993).

Plaintiffs do not challenge the first element, and rightfully so. Illinois applies the principles of *res judicata* to administrative proceedings which are judicial in nature. *Majeske,* 94 F.3d at 313; *Osborne v. Kelly,* 207 Ill.App.3d 488, 491, 152 Ill.Dec. 422, 424, 565 N.E.2d 1340, 1342 (1991); *Rhodes v. St. Charles, Mfg. Co.,* 149 Ill.App.3d 821, 823, 103 Ill.Dec. 36, 37, 500 N.E.2d 1107, 1108 (1986). Here, a settlement was reached in an administrative proceeding which was judicial in nature, *i.e.,* an action before the Illinois State Labor Relations Board. As stated above, the fact that a settlement agreement was reached rather than litigating the issues is of no consequence. *Majeske,* 94 F.3d at 312. Accordingly, Defendants have established the first essential element to sustain their claim of *res judicata.*

Plaintiffs do argue, however, that Defendants have failed to establish an identity of causes of action. Plaintiffs assert that the suit before the Illinois *State* Labor Relations Board simply addressed the allegations of Defendant Sheriff Nall's unfair labor practices. Plaintiffs claim that this is "a far cry" from the allegations made in the above-captioned case. In addition, Plaintiffs assert that in this case, they are asking for relief that the Illinois State Labor Relations Board could not grant, *i.e.,* injunctive relief and attorney's fees. Thus, Plaintiffs argue that Defendants have failed to establish the second essential element to a claim of *res judicata.*

Illinois courts have developed two tests for determining what constitutes a "cause of action" for *res judicata* purposes. *Hagee v. City of Evanston,* 729 F.2d 510, 512–13 (7th Cir.1984). The first test requires a court to determine if the two suits involve the same proof or the same evidence to sustain both causes of action. *LaSalle Nat'l Bank of Chicago v. County of DuPage,* 856 F.2d 925, 931 (7th Cir.1988), quoting *Hagee,* 729 F.2d at 512–13. The second test requires a court to determine whether the two suits arise from the same transaction, incident, or factual situation. *Id.* Although Illinois appellate courts have invoked both tests, "[r]ecently, the Supreme Court of Illinois appeared to opt for the 'same evidence' test, in *Torcasso v. Standard Outdoor Sales,* 157 Ill.2d 484, 491, 193 Ill.Dec. 192, 195, 626 N.E.2d 225, 228 (1993)." *Majeske,* 94 F.3d at 313.

The outcome in the case at bar is the same under either the same "evidence approach" or the "same transaction" approach. It is clear that the two cases involve the same cause of action under the "same transaction" approach. Both the union's suit before the Illinois State Labor Relations Board and Plaintiffs' federal suit arose out of the "same operative facts which give rise to the assertion of relief", *i.e.,* Plaintiffs' alleged actions which formed the basis of their suspensions. *LaSalle,* 856 F.2d at 931, quoting *Hagee,* 729 F.2d at 513. Thus, under the "same transaction" approach, Defendants have established an identity of causes of action.

Although the issue is a closer question under the "same evidence" approach, the Court finds that there is an identity of causes

of action under this approach as well. The veracity of the allegations which formed the basis of Plaintiffs' suspensions, the assertions that Plaintiffs were denied pre and post-deprivation hearings, and the appropriateness of Plaintiffs' suspension would all be key issues to be determined in both the state and federal proceedings. *Majeske,* 94 F.3d at 313–14. Thus, under the "same evidence" approach, Defendants have established an identity of causes of action.

■■■■ The fact that Plaintiffs seek relief in the present case which the Illinois State Labor Relations Board could not grant is an insufficient basis to allow this case to proceed. Plaintiffs' request for injunctive relief and for attorney's fees are the equivalent of a change of legal theories.[4] "A mere change in legal theory does not create a new cause of action." *Car Carriers, Inc. v. Ford Motor Co.,* 789 F.2d 589, 593 (7th Cir.1986), quoting *Alexander v. Chicago Park Dist.,* 773 F.2d 850, 854 (7th Cir.1985).

■■ Furthermore, "*[r]es judicata* ... operates not only as a bar to the further litigation of matters decided in the prior action, but also to any issues which could have been raised." *Roboserve, Inc. v. Kato Kagaku Co.,* 121 F.3d 1027, 1034 (7th Cir.1997), quoting *Golden v. Barenborg,* 53 F.3d 866, 869–70 (7th Cir.1995); *Retired Chicago Police Ass'n v. City of Chicago,* 7 F.3d 584, 591–92 (7th Cir.1993). Because Plaintiffs could have raised the issue of their denial to a pre and post-deprivation hearing to the Illinois State Labor Relations Board, their claim in the instant case is barred by the doctrine of *res judicata.* Therefore, Defendants have established the second essential element to sustain their claim of *res judicata.*

■■ Finally, Plaintiffs argue that Defendants have failed to establish an identity of parties. Plaintiffs assert that there is no identity of parties because it was the union, and not them, who brought the suit before the Illinois State Labor Relations Board. Moreover, the defendant in the Illinois State

Labor Relations Board case was Sheriff Nall alone. In the instant case, Plaintiffs have sued Chief Deputy McCoy and the Commissions of the Adams County Merit Commission in addition to Sheriff Nall. Thus, Plaintiffs claim that there is no identity of parties between the two cases.

The *res judicata* rule in Illinois requires an identity of parties *or their privies. Leow,* 175 Ill.2d at 180, 676 N.E.2d at 1285–86, 222 Ill.Dec. at 81–82; *Progressive Land Developers,* 151 Ill.2d at 294, 602 N.E.2d at 825, 176 Ill.Dec. at 879 (emphasis added). Some Illinois appellate courts have opined that privity exists between "parties who adequately represent the same legal interest." *Donovan v. Estate of Fitzsimmons,* 778 F.2d 298, 301 (7th Cir.1985). Other Illinois appellate courts have relied upon the Restatements' definition of privity which states:

> Privity is a word which expresses the idea that as to certain matters and in certain circumstances persons who are not parties to an action but who are connected with it in their interests are affected by the judgment with reference to interests involved in the action, as if they were parties.

Restatement of Judgments § 83, Comment a, at 389 (1942).

■■ In the present case, the Court finds that there is an identity of parties. "Members of a collective bargaining unit are privies to a union when the union brings an action on their behalf, and thus are barred from bringing the same cause of action." *Merk v. Jewel Food Stores Div.,* 702 F.Supp. 1391, 1398 (N.D.Ill.1988) *International Union, United Auto., Aerospace and Agric. Implement Workers of Am., UAW v. ACME Precision Prods., Inc.,* 515 F.Supp. 537 (E.D.Mich.1981); *Ailor v. Pension Benefit Guar. Corp.,* 7 F.3d 238, 1993 WL 384857, * 3 (7th Cir. Sept.30, 1993). Here, Plaintiffs' union brought the suit before the Illinois State Labor Relations Board on their behalf, and therefore, Plaintiffs are in privity with the union for *res judicata* purposes.

---

4. In essence, Plaintiffs request an injunction ordering Defendants to refrain from engaging in unconstitutional behavior and to avoid violating Plaintiffs' constitutional rights in the future.

Even had this case not been barred by *res judicata,* the Court would not be inclined to issue such an injunction.

Furthermore, the identity requirement of the doctrine of *res judicata* is satisfied as long as the party against whom estoppel is to be applied is identical. *In re Marriage of Donnellan*, 90 Ill.App.3d 1032, 1035–36, 46 Ill.Dec. 445, 448—49, 414 N.E.2d 167, 170–71 (1980); *Drabik v. Lawn Manor Savings and Loan Ass'n*, 65 Ill.App.3d 272, 277, 22 Ill.Dec. 13, 16, 382 N.E.2d 333, 336 (1978); *Rolando v. Farmers and Miners Bank of Ladd*, 60 Ill.App.3d 158, 161–62, 17 Ill.Dec. 614, 617, 376 N.E.2d 760, 763 (1978). Therefore, the fact that additional Defendants have been added to the instant suit which were not included in the state matter is of no consequence. The doctrine of *res judicata* is being asserted against Plaintiffs (not Defendants), and Plaintiffs had an opportunity, through their privy with the union, to litigate the issues raised in the present case at the Illinois State Labor Relations Board. Thus, Defendants have established the third essential element to sustain their claim of *res judicata.*

Accordingly, the Court finds that the case *sub judice* is barred by the doctrine of *res judicata.*

## B. *RELEASE*

Because the Court has found that Plaintiffs' claims are barred by the doctrine of *res judicata,* the Court need not determine whether the release contained within the settlement agreement reached in the case before the Illinois State Labor Relations Board results in a waiver of the claims brought by Plaintiffs in the instant case.

*Ergo,* Defendants' Motion for Judgment on the Pleadings is ALLOWED. Accordingly, this case is DISMISSED WITH PREJUDICE and with costs as to both Plaintiffs and as to all Counts of the Amended Complaint.