McKEAGUE, J,
dissenting.
I respectfully dissent. Claim preclusion “bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involved the same parties or their privies, and (3) the matter in the second case was, or could have been resolved in the first.” Adair v. State, 470 Mich. 105, 680 N.W.2d 386, 396 (2004). All of these requirements are easily satisfied here under Michigan’s “broad approach” to res judicata. Id.
The present case involves the same parties that actively and extensively participated in the consolidated arbitration. While O’Neil did not formally bring a claim against Shepley Bulfinch or Smith Seckman, there can be no doubt that the parties had a “controversy among themselves” and were actively hostile to each other. See York v. Wayne County Sheriff, 157 Mich.App. 417, 403 N.W.2d 152, 157 (1987). Likewise, there can be no question that the “matter in the second case was, or could have been, resolved in the first.” Adair, 680 N.W.2d at 396. All of the parties in the present action were parties in the arbitration and the facts underlying both cases are identical and obviously “related in time, space, origin, and motivation.” Id. at 398 (internal citation omitted).
The majority focuses its attention on the fact that arbitration is premised on the parties’ agreement to submit their dispute to private dispute resolution, but such consent is not lacking here. O’Neil initiated the arbitration that eventually expanded to include Shepley Bulfinch and Smith Seck-man. Moreover, in his contract with Barton Mallow, O’Neil agreed to arbitrate his grievances with Barton Mallow and further agreed in a standard “flow-through” provision to be “bound by the procedures, decision and determinations resulting from any dispute resolution process” in the contract between Barton Malow and the University. The contract between Barton Malow and the University required all disputes, among all contractors, to be submitted to binding arbitration. This court does not need to infect O’Neil with a “contagion theory of arbitration” to bar his claims with res judicata. It merely needs to hold him to the basic terms of his contract. Any infection that O’Neil has acquired is its own doing.
The parties in the present case have already spent substantial time and money litigating the exact issues raised in this case. The previous arbitration lasted almost a year and generated 10,000 pages of transcripts, over 1,400 exhibits, and testimony from 50 witnesses. Now, the parties must begin again. Nothing prevented O’Neil from bringing his tort claims in the initial arbitration, and it is apparent that O’Neil has simply repurposed his arbitration claims to take a second bite at the apple. As I believe O’Neil’s claims are barred by res judicata under Michigan law, I respectfully dissent.